**GLOBE LIQUOR CO., Inc., v. SAN ROMAN et al.**

No. 9146.

Circuit Court of Appeals, Seventh Circuit.

Feb. 14, 1947.

Rehearing Denied April 14, 1947.

---

[1] Consult §§ 370.1 and 370.8, Title 8, Code of Federal Regulations.

Nat M. Kahn, of Chicago, Ill., for appellants.

Ben W. Heineman, of Chicago, Ill. (Joseph D. Block and Swiren Heineman & Antonow, all of Chicago, Ill., of counsel), for appellee.

Before SPARKS, MAJOR, and MINTON, Circuit Judges.

MINTON, Circuit Judge.

The plaintiff-appellee, a corporation of Delaware, sued the defendants-appellants, a partnership whose members reside in and are citizens of Illinois, for breach of an express warranty. It is alleged in the complaint that the plaintiff agreed to purchase from the defendants and the defendants agreed to sell and deliver to the plaintiff 750 cases of Mexican tequila, described as "Mariachi Tequila Gold, in good merchantable condition, fit for human consumption," and that the defendants failed and refused to deliver the tequila to the plaintiff "in good merchantable condition fit for human consumption in violation of their agreement so to do."

The plaintiff exhibited with its complaint and introduced in evidence an order for the tequila made out on an improvised order blank in the handwriting of the plaintiff's vice president. Some letters and memoranda that had passed between the parties were also exhibited with the complaint and introduced in evidence. No written definitive contract was entered into between the parties covering the transaction.

The defendants in their amended answer alleged that at the time the order was taken by their salesman, the plaintiff was informed by him that the order was subject to acceptance and confirmation by the shipper in Mexico, and that the defendants were not to be responsible for the quality of the liquor but such responsibility was to be that of the shipper in Mexico.

The case was tried before a jury, and at the conclusion of all the evidence each

party made a motion for a directed verdict. The court overruled the defendants' motion and sustained the plaintiff's motion, entering judgment for the plaintiff for the purchase price paid for the tequila, plus certain expenses incurred, including freight from Laredo, Texas. The defendants filed a motion for a new trial which was overruled. From the judgment of the court sustaining the plaintiff's motion for a directed verdict and awarding damages, the defendants have appealed.

As we have pointed out, the plaintiff alleged and relied upon an express warranty by the defendants. There is not one word or syllable in the written exhibits or in the oral testimony that the defendants ever agreed to deliver tequila "in good merchantable condition, fit for human consumption." In this state of total failure to prove an express warranty as alleged in the complaint, the court directed a verdict for the plaintiff. This was error.

Not only was it error to grant the motion of the plaintiff for a directed verdict. It also was error to refuse to grant the motion of the defendants for a directed verdict, because there was a total failure of proof on the question of express warranty, upon which the plaintiff had relied. The court was right in one respect. It was right in directing a verdict, but it directed the verdict for the wrong party. In this situation, we are at liberty to dispose of the case here. West Virginia Pulp & Paper Co. v. Cone, 4 Cir., 153 F.2d 576, 581, 582; United States v. Halliday, 4 Cir., 116 F.2d 812, 815, 816; Berry v. United States, 2 Cir., 111 F.2d 615; Conway v. O'Brien, 2 Cir., 111 F.2d 611, 613.

The judgment of the District Court is reversed, and the cause is remanded with directions to overrule the motion of the plaintiff for a directed verdict, sustain the motion of the defendants for a directed verdict, and enter judgment for the defendants.

## On Petition for Rehearing.

The plaintiff-appellee has filed a petition for rehearing in which it states that even if there was a failure to prove an express warranty as alleged in the complaint, the goods were sold by description and therefore an implied warranty arose, and that we should have considered the pleadings amended to conform to the proof of an implied warranty. No such view was taken in the briefs or in the argument. After the argument the plaintiff filed what it termed a supplemental memorandum in which it seemed to take this position for the first time. Of course, where on the trial evidence is admitted without objection which proves a case different from that alleged in the complaint, we may consider the pleadings amended to conform to the evidence thus introduced. Federal Rules of Civil Procedure, rule 15(b), 28 U.S.C.A. following section 723c.

The Uniform Sales Act of Illinois, which the parties agree shall control, provides that no implied warranty shall arise except: "Where the goods are bought by description from a seller who deals in goods of that description (whether he be the grower or manufacturer or not), there is an implied warranty that the goods shall be of merchantable quality." Ill.Rev. Stat., Chap. 121½, Sec. 15(2) (1945). The evidence shows that the goods were sold by description, but the plaintiff had the burden also to show that the goods were bought from a seller who deals in goods of that description. There was no evidence in the record of any such dealings by the defendants. Realizing the necessity for such evidence, counsel for the plaintiff cited us the testimony by deposition of the defendants' salesman who had sold the goods. This evidence was first cited in the so-called supplemental memorandum after the argument. The trouble with this evidence is that is it not in the record and was kept out on the objection of the plaintiff. No part of the deposition was ever read or considered as read in evidence. No part of the deposition was ever admitted. There was some colloquy in the judge's chambers about the deposition, but nothing was ever done in open court about it. The plaintiff makes the extraordinary suggestion to us that we consider the pleadings amended so as to declare on an implied warranty to conform to the evidence contained in a deposition excluded from the evidence on the objection of the plaintiff. The plaintiff

will not be heard to claim the benefit of that evidence which it had had excluded. The plaintiff cannot be allowed to blow hot and cold after such a fashion. So there is in this record no evidence to support an implied warranty. There is a complete failure of proof either of an express or an implied warranty.

Neither can it be contended that the sale was not executed by delivery of the goods conditionally to the plaintiff. The plaintiff agreed to a conditional delivery and to accept such conditional delivery by agreeing to the shipment of the goods C. I. F. Laredo, Texas, on a bill of lading made to the order of the shipper, Gonzalo A. Larrea, and endorsed by the shipper in blank, and the goods to be shipped in bond subject to the right of the United States Customs Officers to inspect and accept or refuse admission of the goods to this country. When the plaintiff, with the letter of credit which it had authorized, took up the bill of lading under such circumstances, the sale was executed, and the title to the goods passed to the plaintiff. In any view of this case the court erred in sustaining the motion of the plaintiff for a directed verdict and also erred in overruling the motion of the defendants for a directed verdict.

█ The action of the court was one of law only, and for that reason we disposed of the case here. When we did so, we relied in part upon West Virginia Pulp & Paper Co. v. Cone, 4 Cir., 153 F.2d 576, 581, 582. Thereafter, the Supreme Court reversed the Cone case. 67 S.Ct. 752. In the Cone case, a motion for a directed verdict was made by the defendant and overruled, and the case was submitted to the jury which returned a verdict for the plaintiff. No motion for judgment notwithstanding the verdict was made by the defendant. On certiorari confined solely to whether the Circuit Court of Appeals could dispose of the case on appeal by directing the District Court to sustain the defendant's motion for a directed verdict where a motion for judgment notwithstanding the verdict had not been made, the Supreme Court held that the Circuit Court of Appeals could not so dispose of the case; that Rule 50(b) of the Federal Rules of Civil Procedure required such a motion. The Supreme Court did not hold that if such a motion had been made and overruled, the Circuit Court of Appeals could not have directed, if warranted in law, the District Court to sustain the motion of the defendant for a directed verdict. Nor did the Supreme Court hold that a Circuit Court of Appeals may never dispose of a case where only errors of law are involved. Rule 50(b) was adopted for the purpose of reserving automatically to the District Court the right to pass on a motion for judgment notwithstanding the verdict, even though it had denied a motion for a directed verdict and had submitted the case to the jury. Ryan Distributing Corporation v. Caley, 3 Cir., 147 F.2d 138, 142. Before this rule was adopted the case of Baltimore & Carolina Line, Inc. v. Redman, 295 U.S. 654, 55 S.Ct. 890, 79 L.Ed. 1636, had required the court to expressly reserve that right. To avoid the Redman case, Rule 50(b) was adopted.

█ Rule 50(b), in our opinion, applies only to cases where the matter is submitted to a jury for its independent voluntary consideration and verdict. Where the court directs a verdict for the plaintiff, as in the instant case, the matter is not submitted to the jury for it to exercise its independent judgment on the facts. The court has exercised its judgment on a matter of law. Where the court, as in the instant case, has sustained the motion of the plaintiff for a directed verdict, the legal consequence is the same as if the District Court had submitted the case to the jury, the jury had returned a verdict for the plaintiff, and the District Court had overruled the motion of the defendants for judgment notwithstanding the verdict.

We do not think the Supreme Court's action in the Cone case should cause us to disturb our ruling, and for the other reasons herein set forth, the petition for rehearing is denied.