GLOBE LIQUOR CO., INC. *v.* SAN ROMAN et al., do-
ing business as INTERNATIONAL INDUSTRIES.

No. 205. Argued December 17, 1947.—Decided January 5, 1948.

*Benjamin W. Heineman* argued the cause for petitioner.
With him on the brief was *Joseph D. Block*.

*Nat M. Kahn* argued the cause and filed a brief for
respondents.

MR. JUSTICE BLACK delivered the opinion of the Court.

The petitioner, Globe Liquor Company, Inc., brought this action in Federal District Court against respondents, Frank and Dorothea San Roman, doing business under the name of International Industries. The complaint claimed damages for an alleged breach of warranty in the sale of certain liquors. An answer was filed; issues were appropriately joined. After all the evidence had been introduced, each party requested a directed verdict. The petitioner's motion was granted, verdict was returned in its favor, and judgment was accordingly entered. The respondents then moved for a new trial on the ground among others that there were many contested issues of fact which should have been submitted to the jury. They did not move for judgment under Rule 50 (b) of the Federal Rules of Civil Procedure, which provides in part: "Within 10 days after the reception of a verdict, a party who has moved for a directed verdict may move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his motion for a directed verdict; . . . . A motion for a new trial may be joined with this motion, or a new trial may be prayed for in the alternative. If a verdict was returned the court may allow the judgment to stand or may reopen the judgment and either order a new trial or direct the entry of judgment as if the requested verdict had been directed." On appeal the Circuit Court of Appeals not only set aside the judgment in favor of the petitioner but also remanded the case to the District Court with directions to enter judgment for the respondents. 160 F. 2d 800. We granted certiorari to consider the apparent inconsistency between this latter action of the Circuit Court of Appeals and our holding in *Cone* v. *West Virginia Paper Co.*, 330 U. S. 212.

In the *Cone* case we held that the Circuit Court of Appeals was without power to order the entry of final judg-

ment for the loser of a jury verdict in the District Court where he had failed to follow his motion for directed verdict with a timely motion for judgment as required by Rule 50 (b). We pointed out in the *Cone* case that Rule 50 (b) vested district judges with a discretion, under the circumstances outlined in the rule, to choose between two alternatives: (1) reopening the judgment and granting a new trial, and (2) ordering the entry of judgment as if the losing party's request for directed verdict had been granted by the trial judge.

It is urged that the reasons which supported the *Cone* decision are not relevant here because, unlike the *Cone* case, the jury in this case returned its verdict under specific directions of the trial judge. However significant this variance between the two cases might be for some purposes, it is of no importance here. By its terms the rule applies equally to cases where the verdict returned by the jury was not directed, as in the *Cone* case, or was directed, as in this case.

Furthermore, the very circumstances which arose in this case emphasize the importance of having the District Court first pass upon whether its error should result in a new trial or in a judgment finally ending the controversy. For there is here a dispute between the parties whether all or certain parts of a deposition containing important evidence were properly introduced in the trial court. Both parties took the position in the Circuit Court of Appeals that some, though different portions of the deposition, were properly presented in evidence. The Circuit Court of Appeals decided the case on the assumption that no part of the deposition was ever admitted as evidence. In this Court respondents argue that no part of the deposition was ever read to the jury and therefore no part of it can be considered as introduced in evidence. Whether this deposition or any part of it was properly before the court, and even if it were

not before the court, whether the ends of justice required that a new trial be granted in order that the evidence it contained might properly be offered, were questions which the petitioner was entitled under Rule 50 (b) to have passed upon in the first instance by the trial court. What we said in the *Cone* case is peculiarly appropriate here: "Determination of whether a new trial should be granted or a judgment entered under Rule 50 (b) calls for the judgment in the first instance of the judge who saw and heard the witnesses and has the feel of the case which no appellate printed transcript can impart." It was error therefore for the Circuit Court of Appeals to direct the District Court to enter judgment for the respondents.

Petitioner also strongly urges that the evidence in the District Court was such that the trial judge was justified in directing a verdict in its favor and that the judgment resting on that verdict should be reinstated. Whether a verdict should have been directed, however, depends upon a number of factors, including an interpretation of the law of Illinois where the contract was made, a proper interpretation of the pleadings, a determination whether the disputed deposition was admitted in evidence in whole or in part, and the effect of that evidence if admitted. Under these circumstances, the judgment of the Circuit Court of Appeals in reversing and remanding the cause to the District Court is affirmed. But since the respondents made no motion for judgment under Rule 50 (b), it was error to direct the District Court to enter a judgment in their favor. The case should go back to the District Court for a new trial.

*It is so ordered.*