**Bessie P. HANSEN, Appellant,**

v.

**Stephen P. VIDAL, District Director of Internal Revenue, Appellee.**

**John O. HANSEN, Appellant,**

v.

**Stephen P. VIDAL, District Director of Internal Revenue, Appellee.**

**Nos. 5336, 5337.**

United States Court of Appeals Tenth Circuit.

Oct. 1, 1956.

W. Lee McLane, Jr., Phoenix, Ariz. (Nola M. Lane, Phoenix, Ariz., was with him on the brief), for appellants.

Arthur I. Gould, Washington, D. C. (Charles K. Rice, Lee A. Jackson and A. F. Prescott, Washington, D. C., were with him on the brief), for appellee.

Before HUXMAN, MURRAH and PICKETT, Circuit Judges.

MURRAH, Circuit Judge.

This is a consolidated appeal by John O. Hansen and his wife, Bessie P. Hansen, from a judgment in the District Court of New Mexico denying recovery of income tax deficiencies, penalties and interest for the taxable years 1946 and 1947, paid under protest.

At the outset, the appellee challenged the jurisdiction of this court to entertain the appeal, contending that the appellants failed to comply with Rule 50, Fed.Rules Civ.Proc. 28 U.S.C.A. by omitting to file a motion for a judgment n. o. v. The rule provides that if a motion for a directed verdict at the close of the evidence is denied, the movant may, within ten days, move to have the verdict and any judgment entered thereon set aside and judgment entered in accordance with the prior motion. But, there is nothing in the rule or in the decisions which have construed it making such a motion a condition precedent to appeal from a final judgment. In Cone v. West Virginia Pulp & Paper Co., 330 U.S. 212, 67 S.Ct. 752, 91 L.Ed. 849, relied upon by the appellee, the court held that where a party fails to make a timely motion for judgment n. o. v., the appellate court is powerless to direct the entry of such a judgment. And see also Globe Liquor Co. v. San Roman, 332 U.S. 571, 68 S.Ct. 246, 92 L.Ed. 177. But, nothing said there furnishes any basis for holding that a motion for a judgment n. o. v. is a prerequisite for a right of appeal.

At the close of all the evidence, the court overruled the motion for a directed verdict and submitted the case to the jury on the general issues, resulting in a verdict for the government. The appellants complain of the refusal of the trial court to take the case from the jury on the theory that the government's proof under the so-called net worth method failed to show the amount of tax due with requisite certainty, thereby erroneously casting on the taxpayer-plaintiff the burden of making such proof. More specifically, the appellants take the position that the government's proof showed certain manifest errors in the computation of the tax by the net worth method which rendered the deficiency assessment obviously inaccurate and therefore legally unacceptable as a basis for determining the deficiency.

The basic fallacy of this thesis is the failure of the appellants to observe the distinction between the burden of proof in a criminal income tax case where the government has the burden of proving

the criminal charge beyond a reasonable doubt, and civil actions by the taxpayer for recovery of a deficiency where the determinations of the commissioner have prima facie validity. See Holland v. United States, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150.

■ In a civil action by the taxpayer to recover a deficiency paid under protest, we have recently held that the taxpayer must establish the facts from which a correct determination of his tax liability can be made. In other words, " 'His claim is for money paid and he must show that every dollar he recovers is unjustly withheld. So it is not enough merely to prove that the tax as a whole was unlawful; some of the dollars he paid may nevertheless have been due.' " Decker v. Korth, 10 Cir., 219 F.2d 732, 737, quoting Taylor v. Commissioner, 2 Cir., 70 F.2d 619, 621.

■ In the course of his investigation for the taxable years in question, the revenue agent, upon finding that the taxpayer had kept no formal books of record on his business, reconstructed his income based upon the net worth method. By such method the agent discovered that the appellants had understated their income, resulting in a deficiency assessment in the amount of $1,971.76 in 1946 and $4,867.59 in 1947, as to each appellant. By cross-examination of the government agent, the taxpayer developed certain inaccuracies in the agent's computation of the opening net worth, and also that certain deductible items had been included in the computation of the tax. By their own accountant they also pointed out what are said to be obvious errors and inaccuracies in the government's computation. But, they offered no evidence tending to establish the amount of their tax liability as a basis for recovery of refund.

The case was submitted to the jury on instructions to which there was no objection. The jury was told that the burden of proof rested upon the plaintiffs to establish all the allegations of their complaint by a preponderance of the evidence; that if they had established by a preponderance of the evidence that they did correctly report their income in 1946 and 1947, and their method of accounting correctly reflected their income, they were entitled to the amount of refund which they sought. The jury was not asked to compute the tax based upon proof. Indeed, the case was submitted to the jury on a general form of verdict without objection by either party. The verdict of the jury was for the government, and the judgment thereon is affirmed.