John **BICKEL**

v.

**INDIANA TOLL ROAD COMMISSION.**

Civ. No. 1940.

United States District Court
N. D. Indiana, South Bend Division.

Oct. 30, 1956.

Roland Obenchain, Jr., South Bend, Ind., for plaintiff.

Arthur A. May, South Bend, Ind., for defendant.

PARKINSON, District Judge.

This is an action in damages for obstruction of a right-of-way which deprived the plaintiff of ingress and egress to his land.

By agreement of the parties, the cause was submitted to the court on the question of liability, if any, the question of damages to be submitted to a jury in the event the court found the defendant liable.

Under the undisputed evidence the plaintiff had a right-of-way to his land and the defendant, by the construction of its toll road, severed his only means of ingress and egress. As to whether that right-of-way was a public highway, as declared on in plaintiff's complaint, or was a private way of necessity makes no difference under the Federal Rules of Civil Procedure because the evidence, which establishes that plaintiff had a private way of necessity to his land from the terminus of Spruce Road, was admitted without objection and we may consider the pleadings amended to conform to the evidence introduced. Globe Liquor Co., Inc., v. San Roman, 7 Cir., 1947, 160 F.2d 800.

In the opinion of this court, there is absolutely no question but that the undisputed evidence shows that the plaintiff for many years had a private way of necessity from Spruce Road to his land; that it was his only means of ingress and egress; that the defendant, by the construction of its toll road, destroyed plaintiff's only means of ingress and egress; that the plaintiff now has no means of ingress and egress whatsoever, and justice demands that the plaintiff be compensated.

Therefore, the court having considered all of the evidence, the arguments of counsel, and the law applicable thereto, does now make the following

### Findings of Fact

1.

This court has jurisdiction of the parties to and the subject matter of this action.

**2.**

On or about September 21, 1954, and for more than ten years prior thereto, the plaintiff was the owner of the following described real estate in Olive Township, St. Joseph County, Indiana, to-wit:

One hunderd (100) acres taken off of and from the entire North side of the South half (S ½) of Section Numbered Twelve (12), Township Thirty-eight (38) North, Range One (1) West in St. Joseph County, Indiana.

**3.**

On or about said date Spruce Road was a public highway running North and South in Olive Township, St. Joseph County, Indiana, from Chicago Trail, and points South, to a point approximately one (1) mile North thereof, which said point was East of the house of Dewey Bickel, where said Spruce Road dead-ended.

**4.**

The land owned between the North end of said Spruce Road and the real estate owned by the plaintiff, as above described, was owned by the said Dewey Bickel.

**5.**

On or about said date the said plaintiff owned a private way of necessity from his land through the lands of the said Dewey Bickel to the North end of said Spruce Road.

**6.**

Said way of necessity was the sole and only means of ingress and egress from the public highways to the lands of the plaintiff.

**7.**

On or about said date the defendant obstructed said way of necessity by an earthen embankment upon which they constructed a highway.

**8.**

Said obstruction deprived the plaintiff of his only means of ingress and egress from the public highways to his said real estate.

**9.**

The defendant did not compensate the plaintiff for taking away such means of ingress and egress.

Upon the foregoing findings of fact, the court does now state its

### Conclusions of Law

**1.**

This court has jurisdiction of the parties to and the subject matter of this action.

**2.**

The law is with the plaintiff.

**3.**

The plaintiff is entitled to recover from the defendant the damages incident to his being deprived of his only means of ingress and egress to his real estate by the act of the defendant in taking such means of access for a public purpose.

The clerk will enter judgment that the plaintiff is entitled to recover such damages from the defendant as may hereafter be determined by jury.