George M. WOOD, Jr.

v.

CONNEAUT LAKE PARK, INC.

Civ. A. No. 107–65.

United States District Court
W. D. Pennsylvania.

Sept. 23, 1966.

Michael Hahalyak, Pittsburgh, Pa.,
Robert Y. Daniels, Franklin, Pa., for
plaintiff.

Dickie, McCamey & Chilcote, Pittsburgh, Pa., for defendant.

## OPINION

WEBER, District Judge.

Plaintiff, who was injured on the roller coaster at defendant's amusement park, recovered a verdict in the state trial court. The trial court heard and denied defendant's motions for new trial and for judgment notwithstanding the verdict. Defendant appealed to the Pennsylvania Supreme Court, which reversed the trial court and ordered judgment entered for the defendant notwithstanding the verdict, dismissing the action. (Wood v. Conneaut Lake Park, Inc., 417 Pa. 58, 209 A.2d 268). A petition for certiorari to the United States Supreme Court was denied. 382 U.S. 865, 86 S.Ct. 132, 15 L.Ed.2d 103 (1965).

Plaintiff has commenced a new action in this court. The same parties are named as plaintiff and defendant. The pleading is entitled "Complaint to Vacate the Order of the Supreme Court of Pennsylvania Reversing the Judgment of the

Lower Court and Entering Judgment N.O.V. for Defendant". It recites that jurisdiction is founded on the existence of a federal question arising under the due process clause of the Fourteenth Amendment to the Constitution of the United States, in that the action of the Pennsylvania Supreme Court is arbitrary, capricious, having no bases in the record, resulting in the deprivation of a valuable property right without due process of law.

The defendant moves to dismiss for lack of jurisdiction in this court and under the Statute of Limitations.

In answer to this motion, Plaintiff avers that the complaint in this proceeding is in the nature of a petition for review of the appellate action of the Supreme Court of Pennsylvania in violation of plaintiff's constitutional rights.

■ The United States District Courts are courts of limited jurisdiction. They have original jurisdiction of civil actions arising under the constitution, laws or treaties of the United States as provided by 28 U.S.C.A. § 1331, but the plaintiff has designated this as a petition for review of state court action. The appellate jurisdiction of the United States District Courts extends only to those cases where such jurisdiction has been specially given by Congress, as in civil actions to enforce, enjoin, or set aside orders of the Interstate Commerce Commission. 28 U.S.C.A. § 1336.

The plaintiff has not provided this court with reference to any statutory authority under which the District Court may entertain jurisdiction of this complaint in the nature of a petition for review, except for 28 U.S.C.A. § 1331, which we do not believe applicable. While plaintiff has designated the complaint as a "petition for review", he argues that it is original in nature in that the issues raised in the complaint for the first time require adjudication.

Nevertheless, his present contentions were presented to the Supreme Court of Pennsylvania in his Petition for Reargument, which was denied.

Plaintiff took the only step that is provided for review of state court action by a federal court, a petition for a writ of certiorari to the United States Supreme Court from the final judgment of the highest court of a state, under 28 U.S.C.A. § 1257. This was denied.

Plaintiff argues that since his contention of denial of due process was never heard, either by the Supreme Court of Pennsylvania or by the United States Supreme Court, the doctrine of *res judicata* has no application. This is probably a valid position as we read Williams v. Murdoch, 330 F.2d 745 (3rd Cir., 1964), because his due process argument has never been adjudicated.

If we accept plaintiff's argument that this is an original action under 28 U.S.C.A. § 1331, we find that the action alleges violation of due process in a state court proceeding. The denial of due process alleged consisted in a finding by the Pennsylvania Supreme Court that the evidence did not support the jury's verdict.

"Even if it be true, as the plaintiff in error says, that the supreme court of Colorado departed from earlier and well established precedents to meet the exigencies of this case, whatever might be thought of the justice or wisdom of such a step, the Constitution of the United States is not infringed. It is unnecessary to lay down an absolute rule beyond the possibility of exception. Exceptions have been held to exist. But, in general, the decision of a court upon a question of law, however wrong and however contrary to previous decisions, is not an infraction of the 14th Amendment merely because it is wrong or because earlier decisions are reversed." Holmes, J., in Patterson v. State of Colorado, 205 U.S. 454, at p. 461, 27 S.Ct. 556, at p. 557, 51 L.Ed. 879 (1907).

" * * * We cannot treat a mere error of state law, if one occurred, as a denial of due process; otherwise, every erroneous decision by a state court on state law would come here as a federal constitutional question."

Jackson, J., in Gryger v. Burke, 334 U.S. 728, at p. 731, 68 S.Ct. 1256, at p. 1258, 92 L.Ed. 1683 (1948).

 Plaintiff argues that the grant of judgment N.O.V. by the Pennsylvania Supreme Court, on the bases of insufficiency of evidence, after a verdict in his favor by a jury, and after the trial court had denied the motion for judgment N.O.V. on the grounds that the evidence was sufficient, amounts to deprivation of the right to trial by jury. He does not argue that the right of trial by jury in the state court is given him by the due process clause of the Fourteenth Amendment, but that it was a right given him by the Constitution of Pennsylvania. This is solely a question for the courts of Pennsylvania. No federally guaranteed right is involved. The Pennsylvania Courts are the determining body in the application of state law, and there is no constitutional assurance against an erroneous application by them. See Frankfurter, J., concurring in Snowden v. Hughes, 321 U.S. 1, at p. 15, 64 S.Ct. 397, at p. 404, 88 L.Ed. 497. It may be noted that the Federal Rules of Civil Procedure, Rule 50(c) (2) requires that where a verdict has been set aside on a motion for judgment N.O.V. the party whose verdict has been set aside may then serve a motion for new trial. This is not a right secured by the constitution but a right of procedure in the Federal Courts. See Cone v. West Virginia Pulp & Paper Co., 330 U.S. 212, 67 S.Ct. 752, 91 L.Ed. 849 (1947); Globe Liquor Co. v. San Roman, 332 U.S. 571, 68 S.Ct. 246, 92 L.Ed. 177 (1948); Weade v. Dichmann, Wright & Pugh, 337 U.S. 801, 69 S.Ct. 1326, 93 L.Ed. 1704 (1949).

 Due process under the Fourteenth Amendment requires no particular procedural form in the state courts. Hardware Dealers' Mut. F. Ins. Co. of Wisconsin v. Glidden Co., 284 U.S. 151, 52 S.Ct. 69, 76 L.Ed. 214 (1931).

"The decision of a state court, involving nothing more than the ownership of property, with all parties in interest before it, cannot be regarded by the unsuccessful party as a deprivation of property without due process of law, simply because its effect is to deny his claim to own such property. If we were of opinion, upon this record, that the money received by Ginzberg from O'Hearn really belonged to Tracy,—upon which question we express no opinion,—still it could not be affirmed that the latter had, within the meaning of the Constitution, and by reason of the judgment below, been deprived of his property without due process of law. Under the opposite view every judgment of a state court involving merely the ownership of property could be brought here for review,—a result not to be thought of. The 14th Amendment did not impair the authority of the states, by their judicial tribunals, and according to their settled usages and established modes of procedure, to determine finally, for the parties before it, controverted questions as to the ownership of property, which did not involve any right secured by the Federal Constitution, or by any valid act of Congress, or by any treaty. Within the meaning of that Amendment, a deprivation of property without due process of law occurs when it results from the arbitrary exercise of power, inconsistent with 'those settled usages and modes of proceeding existing in the common and statute law of England before the emigration of our ancestors, and which are shown not to have been unsuited to their civil and political condition by having been acted on by them after the settlement of this country.' Den ex dem. Murray v. Hoboken Land & Improv. Co., 18 How. 272, 15 L.Ed. 372; Bank of Columbia v. Okely, 4 Wheat. 235, 244, 4 L.Ed. 559, 561. It cannot be said that the state court in this case, by its final judgment, departed from those usages or modes of proceeding." Harlan, J., in Tracy v. Ginzberg, 205 U.S. 170, at p. 178, 27 S.Ct. 461, at p. 463, 51 L.Ed. 755 (1907)

We, therefore, conclude that we have no jurisdiction to consider this case as a review of the action of the highest court of the state. Treating it as an original action, we find no bases for the allegation of deprivation of due process of law under the Fourteenth Amendment of the Constitution of the United States by reason of state court action.

, The defendant's motion to dismiss will be granted.