Bobby G. SEALE, Chairman of the Black Panther Party, individually and on behalf of all Black people similarly situated, Plaintiff,

v.

Honorable Julius J. HOFFMAN, United States District Judge for the Northern District of Illinois; John N. Mitchell, Attorney General of the United States of America; Thomas Foran, United States Attorney, Northern District of Illinois; Richard Schultz, Assistant United States Attorney, Northern District of Illinois; Roger Cubbage, United States Attorney, Department of Justice; Richard Kleindeinst, Deputy Attorney General; John Meizner, Chief United States Marshal for the Northern District of Illinois, Defendants.

No. 69 C 2275.

United States District Court
N. D. Illinois, E. D.
Nov. 5, 1969.

William J. McNally, Chicago, Ill., Edward Carl Broege, Jr., New York City, for plaintiff.

Thomas A. Foran, U. S. Atty., Chicago, Ill., for defendants.

## MEMORANDUM AND ORDER ON COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

ROBSON, District Judge.

This complaint seeks a declaratory judgment concerning the constitutionality of proceedings pending before another judge of this district, who along with members and officers of the Justice Department of the United States and the United States Marshal, are named as defendants. The complaint also asks this court to temporarily and permanently restrain proceedings before another judge of this district. The plaintiff, Bobby G. Seale, is a defendant in the criminal case entitled United States of America v. David T. Dellinger et al., 69 CR 180,[1] presently pending and proceeding before Judge Julius J. Hoffman. Upon careful examination of the complaint and the record in the *Dellinger* case, this court is of the opinion that the cause should be dismissed *sua sponte* for failure to state a basis for jurisdiction.

 Although this action is styled a complaint for declaratory judgment and injunction, essentially the plaintiff asks this court to *review* and rule upon the legal sufficiency and constitutionality of the rulings of and trial procedures practiced by another district court judge. This action is in essence a collateral attack on the *Dellinger* trial and involves issues which should properly be raised upon appeal or in a mandamus action to a higher court. Federal district courts are courts of limited jurisdiction and have only such jurisdiction as Congress,

---

1. Hereinafter referred to as the *Dellinger* trial.

by statute, confers upon them. Hancock v. Nelson, 363 F.2d 249 (1st Cir. 1966), cert. den. 386 U.S. 984, 87 S.Ct. 1292, 18 L.Ed.2d 234 (1967); Wood v. Conneaut Lake Park, Inc., 258 F.Supp. 777 (W.D.Pa.1966), aff'd 386 F.2d 121 (3rd Cir. 1967). A federal district court is totally devoid of any authority under the Constitution of the United States or under any act of Congress to sit as an appellate court and review the conduct of another federal trial court. Nor may this court grant the extraordinary remedy of restraining another federal district court judge. On this basis alone, the complaint should be dismissed *sua sponte*.

■■■ Furthermore, the complaint itself fails to state a constitutional claim that would confer upon this court jurisdiction over the subject matter. The complaint alleges that Seale has been denied a constitutional right to appear as counsel on his own behalf in the *Dellinger* trial. The record indicates that at commencement of trial on September 24, 1969, William Kunstler filed a general appearance as counsel of record for Seale, and is to this day counsel of record for Seale. The record reflects that upon numerous occasions after the trial commenced, Seale asserted that he wishes to conduct his own defense. On October 22, 1969, four and one-half weeks after the trial had commenced, Kunstler requested leave to withdraw as counsel for Seale. This motion was made after Kunstler had cross-examined sixteen government witnesses on behalf of Seale. The trial judge denied the motion, as he did the prior requests by Seale himself to proceed *pro se*. The record indicates that Seale is represented by competent counsel. The right to discharge one's counsel and appear *pro se* is not unqualified. United States v. Bentvena, 319 F.2d 916, 938 (2d Cir. 1963). The right to dispense with counsel once the trial has commenced is subject to the sound discretion of the court. Butler v. United States, 317 F.2d 249, 258, 6 A.L. R.3d 582 (8th Cir. 1963); Juelich v. United States, 342 F.2d 29, 32 (5th Cir. 1965). In exercising its discretion, a court should deny a motion to defend *pro se* when such procedure would be disruptive of the proceedings and when denial would not be prejudicial to the defendant. United States v. Davis, 260 F.Supp. 1009, 1020 (E.D.Tenn.1966). Delay and confusion of the jury are proper considerations by a trial judge in denying motions to proceed *pro se*. United States v. Private Brands, Inc., 250 F.2d 554 (2d Cir. 1957). Here, the record reflects that the trial judge made a finding that allowance of Seale's motion to act as his own attorney would disrupt the proceedings, delay the trial, and that Seale's rights were adequately protected by competent counsel. The trial judge exercised sound discretion, and given the complexity of the *Dellinger* case, Seale would be more vulnerable to prejudice were he allowed to conduct his own defense than if he were represented by his own competent counsel of record. See Butler v. United States, 317 F.2d 249, 258, 6 A.L.R.3d 582 (8th Cir. 1963).

■■ The complaint also alleges that Seale's constitutional rights were violated by forceable gagging and handcuffing on October 30, 1969, and October 31, 1969. The complaint further alleges that while such restraints were terminated by direction of the trial judge on November 3, 1969, physical restraints are a continuing threat to him. The record reflects that these measures were invoked by the trial judge only after Seale had caused numerous disruptions of the *Dellinger* trial over a five-week period. The record discloses numerous contemptuous outbursts by Seale, often villifying the judge with derogatory and abusive name-calling. The record also indicates that these outbursts necessitated the removal of the jury and the suspension and delay of the trial proceedings.[2] On each of these occasions the

2. The record indicates that the first gagging occurred in the afternoon of October 29, 1969. Due to Seale's outbursts, a *total* of one-half hour's evidence was taken during the *entire* afternoon.

trial judge admonished Seale to refrain from such outbursts. While a defendant in a criminal case has an absolute right to be present during his trial, he does not have a right to brazenly make a shambles of the criminal judicial process and attempt to force a mistrial. The Seventh Circuit has recently ruled that a trial judge may restrain disruptive and disrespectful conduct by whatever means necessary, *even if those means include physical restraints and gagging.* United States ex rel. Allen v. State of Illinois, 413 F.2d 232, 235 (7th Cir. 1969). While resort to such restraints is distasteful to all concerned, the record is clear that Seale unequivocally refused to conform his conduct with the minimal requirements of courtroom order and decorum. Instead, he stood in open defiance of the court's authority. No other remedy was available to the trial judge. This court therefore does not find that physical restraints placed upon a contumacious defendant under the circumstances involved here infringes upon a constitutionally protected right.

 Finally, this court is asked to order Seale's release from the custody of the Cook County Jail in order that he may more fully participate in the *Dellinger* trial. The record indicates that Seale was brought to this jurisdiction pursuant to a writ of *habeas corpus ad prosequendum.* He is presently under indictment for solicitation to murder in another jurisdiction. The record indicates that Seale has had the opportunity and facilities to consult with his counsel of record, Kunstler, and the other defendants in the *Dellinger* case throughout the proceedings on a daily basis. This court has no authority, constitutional or statutory, under these circumstances to order Seale's release from custody.

Because of the failure to assert an adequate ground for this court's jurisdiction, consideration of Seale's claim that this is a class action "on behalf of all black people similarly situated" need not be reached.

It is therefore ordered that the complaint in this cause be, and it is hereby dismissed.