**Donald E. BRINK et al.**

v.

**Leo DaLESIO et al.**

**Civ. No. Y-78-161.**

United States District Court,
D. Maryland.

Dec. 4, 1980.

Arthur L. Fox, II, and Paul Alan Levy, Washington, D. C., for plaintiffs.

Ransom J. Davis, Baltimore, Md., and Walter E. Dillon, Washington, D. C., for defendants.

## MEMORANDUM OPINION AND ORDER

JOSEPH H. YOUNG, District Judge.

Judgment was entered in this action on August 20, 1980, pursuant to a Memorandum Opinion and Order of this Court, 496 F.Supp. 1350, filed August 19, 1980. Since that time, a number of motions have been filed seeking to amend the judgment and findings of this Court as well as permission for non–parties to intervene as plaintiffs.

Plaintiffs filed a motion to amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. This motion, filed on a timely basis within the ten (10) days allowed by the Rule, seeks to have the terms of the judgment altered with respect to the amount of certain damages as well as the parties involved. The Court has considered the arguments of plaintiffs and for the reasons set forth in the Memorandum Opinion and Order of this Court filed August 19, 1980, is of the opinion that the original judgment is complete and proper and that an amendment would serve no useful purpose. Therefore, the motion of plaintiffs will be denied. *See United States v. Hollis*, 424 F.2d 188, 191 (4th Cir. 1970).

Defendant DaLesio filed a motion for a new trial or amendment of judgment pursuant to Rule 59. That motion, also timely filed on August 29, 1980, challenges a number of the findings of fact and conclusions of law previously made by this Court. Most of the specific reasons relied upon by defendant in support of his motion are simply rearguments of points which have previously been decided and the motion contains nothing which would persuade this Court to alter or set aside the judgment. The issues have been adequately considered and discussed in the Memorandum Opinion and Order of this Court filed August 19, 1980, and this Court will adhere to the findings of fact and conclusions of law contained therein. The defendant has not sustained his burden of showing that substantial justice has not been done and this Court can find no reason to grant a new trial. *Globe Liquor Co. v. San Roman*, 332 U.S. 571, 68 S.Ct. 246, 92 L.Ed. 177 (1948); *City of Richmond v. Atlantic Co.*, 273 F.2d 902 (4th Cir. 1960). Furthermore, the motion of defendants does not provide any reason to alter the judgment which has already been entered following the first trial. *See United States v. Hollis, supra.* Accordingly, the defendant's motion will be denied as to both a new trial and amendment of the existing judgment.

Motions for leave to intervene as plaintiffs have been filed on behalf of the Affiliated Teamsters Health and Welfare Fund of Maryland, the Teamsters Allied Pension Fund of Maryland and Allen R. Holland in his capacity as trustee, beneficiary and participant in both Funds [hereinafter referred to as "Trust Fund applicants"], as well as on behalf of the Secretary of the United States Department of Labor. For the reasons to be set forth below, none of these applicants will be granted leave to intervene at this time and the motions will be denied.

The Trust Fund applicants seek to intervene as plaintiffs under the provisions of Rule 24(a)(2) and, alternatively, under Rule 24(b)(2). Intervention of right under Rule 24(a)(2) is to be granted upon timely

application "when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless applicant's interest is adequately represented by existing parties." Rule 24, Federal Rules of Civil Procedure. This Court does not feel that the Trust Fund applicants satisfy the substantive requirements for intervention of right under Rule 24(a)(2) in that the execution of the judgment already entered in this case will not prevent them from protecting any interest they may have by means of an independent action. *See Harper v. Kloster*, 486 F.2d 1134, 1137 (4th Cir. 1973). However, this Court need not reach the question of whether the Trust Fund applicants would be entitled to intervention of right under Rule 24(a)(2) or permissive intervention under Rule 24(b)(2) because the untimeliness of their motion makes it inappropriate for this Court to allow intervention under either provision at this late stage of the proceedings. It is true that the scope of permissible discretion in determining the appropriateness of intervention is narrower when intervention is of right under Rule 24(a) rather than permissive under Rule 24(b). *Alaniz v. Tillie Lewis Foods*, 572 F.2d 657, 659 (9th Cir.) *cert. denied*, 439 U.S. 837, 99 S.Ct. 123, 58 L.Ed.2d 123 (1978). But even under the less restrictive standard of timeliness under Rule 24(a), the motion of the Trust Fund applicants would not be timely.

■ A strong showing is required of an applicant who seeks to intervene after an action has gone to judgment. *Black v. Central Motor Lines, Inc.*, 500 F.2d 407, 408 (4th Cir. 1974) (and cases cited therein). As one court noted:

> "It is true, as we have noted, that an attempt to intervene after final judgment is ordinarily looked upon with a jaundiced eye."

*McDonald v. E. J. Lavino Co.*, 430 F.2d 1065, 1072 (5th Cir. 1970). The Trust Fund applicants in the present action were aware of the pendency of this proceeding since its inception and, indeed, had even been a party at one point. They recognized the potential problems of standing with the plaintiffs who went to trial and had every opportunity to intervene prior to trial. However, they chose to sit out the trial and await the outcome before deciding whether to become involved. To allow the intervention at this time would be prejudicial to defendants who based their litigation decisions and trial strategy upon the plaintiffs who were visibly involved in the action. Furthermore, there has been no showing that these would–be intervenors will be harmed if not permitted to intervene. For these reasons, this Court feels compelled, under the circumstances of this case, to deny the motion of the Trust Fund applicants to intervene as plaintiffs after the case has already gone to judgment.

The Secretary of the United States Department of Labor also seeks leave to intervene as a plaintiff after the judgment has already been entered. Unlike the Trust Fund applicants, there is no question that the Secretary of Labor is authorized to intervention of right under Rule 24(a), upon timely application. The Employee Retirement Income Security Act of 1974 provides that the Secretary of Labor "shall have the right to intervene in any action" brought under Title I of the Act. 29 U.S.C. § 1132(h). However, as the Secretary candidly admits, timeliness of application is still required. *See National Association for the Advancement of Colored People v. New York*, 413 U.S. 345, 93 S.Ct. 2591, 37 L.Ed.2d 648 (1973). The application of the Secretary of Labor is also untimely under the standards set forth in interpreting the requirements of Rule 24. The Secretary of Labor knew of the pendency of this action since its inception. The same statutory provision which entitles him to intervention of right requires that he be provided with a copy of the complaint in an action such as this. 29 U.S.C. § 1132(h). When that complaint was received by the Secretary's office, a decision was made not to intervene. While Labor Department attorneys deny "monitoring" this action, they are responsible for their decision not to accept the plaintiffs' original invitation to intervene. To allow the Secretary of Labor to intervene at this time would result in prejudice

to the defendants by significantly increasing their legal vulnerability to damages in a way which would prevent them from taking such a factor into account in formulating their trial tactics and strategy. On the other hand, denial of the application for intervention does not prevent the Secretary from filing an independent action to protect any interests that have not been adjudicated in the present action. This Court is of the opinion that, under the circumstances of this case, the Secretary of Labor has failed to justify intervention in this action subsequent to the entry of the judgment and thus will deny the motion.

 The Trust Fund applicants and the Secretary of Labor have also each filed motions for additional findings pursuant to Rule 52(b). However, in light of the holding of this Court that neither movant is entitled to intervene in this action, they are not party to this action and thus under the clear terms of Rule 52 have no standing to present such motions to this Court. Accordingly, the motions for additional findings will be denied.

Finally, the plaintiffs have filed a motion to amend judgment, separate from the motion discussed above, in which they seek to have this Court reserve the issue of attorney fees. The filing of this motion by plaintiffs should satisfy any fears that the holding of *Hirschkop v. Snead*, 475 F.Supp. 59 (E.D.Va.1979) might, otherwise, prevent this Court from considering the request of plaintiffs for an award of attorneys' fees. However, this Court does not believe that a decision on the issue of attorneys' fees would be appropriate at this time and will reserve ruling on the question pending appeal, if any, of this Court's decision on the merits.

Accordingly, it is this 4th day of December, 1980, by the United States District Court for the District of Maryland, ORDERED:

1. That plaintiffs' motion to amend judgment be, and the same is, hereby DENIED;

2. That defendant DaLesio's motion for a new trial or amendment of judgment be, and the same is, hereby DENIED;

3. That motion for leave to intervene as plaintiffs on behalf of the Trust Fund applicants be, and the same is, hereby DENIED;

4. That the motion of the Secretary of the United States Department of Labor for leave to intervene as a plaintiff be, and the same is, hereby DENIED;

5. That the motion of the Trust Fund applicants for additional findings be, and the same is, hereby DENIED;

6. That the motion of the Secretary of the United States Department of Labor for additional findings be, and the same is, hereby DENIED;

7. That the issue of an award of Attorneys' fees be, and the same is, hereby RESERVED until a determination by this Court that consideration of such issue would be appropriate; and

8. That a copy of this memorandum opinion and order be sent to all parties, applicants for intervention and the United States Attorney for the District of Maryland.