Justice Stevens,
with whom Justice Kennedy joins,
dissenting.
Murphy’s law applies to trial lawyers as well as pilots. Even an expert will occasionally blunder. For that reason Congress has preserved the federal appeals courts’ power to correct plain error, even though trial counsel’s omission will ordinarily give rise to a binding waiver. This is not a case, in my view, in which the authority of the appellate court is limited by an explicit statute or controlling rule. The spirit of the Federal Rules of Civil Procedure favors preservation of a court’s power to avoid manifestly unjust results in exceptional cases. See Johnson v. New York, N. H. & H. R. Co., 344 U. S. 48, 62 (1952) (Frankfurter, J., dissenting) (“ ‘Procedure is the means; full, equal and exact enforcement of substantive law is the end’” (quoting Pound, The Etiquette of Justice, 3 Proceedings Neb. St. Bar Assn. 231 (1909))). Moreover, we have an overriding duty to obey statutory commands that unambiguously express the intent of Congress even in areas such as procedure in which we may have special expertise.
Today, relying primarily on a case decided in March 1947, Cone v. West Virginia Pulp & Paper Co., 330 U. S. 212, and a case decided in January 1948, Globe Liquor Co. v. San *408 Roman, 332 U. S. 571, the Court holds that the Court of Appeals was “powerless” to review the sufficiency of the evidence supporting the verdict in petitioner’s favor because respondent failed to file proper postverdict motions pursuant to Rules 50(b) and 59 of the Federal Rules of Civil Procedure in the trial court. Ante, at 405. The majority’s holding is inconsistent with a statute enacted just months after Globe Liquor was decided. That statute, which remains in effect today, provides:
“The Supreme Court or any other court of appellate jurisdiction may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review, and may remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances.” 28 U. S. C. §2106.
Nothing in Rule 50(b) limits this statutory grant of power to appellate courts; while a party’s failure to make a Rule 50(b) motion precludes the district court from directing a verdict in that party’s favor, the Rule does not purport to strip the courts of appeals of the authority to review district court judgments or to order such relief as “may be just under the circumstances.” Nor do general principles of waiver or forfeiture have that effect. Cf. ante, at 404-405. It is well settled that a litigant’s waiver or forfeiture of an argument does not, in the absence of a contrary statutory command, preclude the courts of appeals from considering those arguments. See Singleton v. Wulff, 428 U. S. 106, 121 (1976). Arguments raised for the first time on appeal may be entertained, for example, if their consideration would prevent manifest injustice. Ibid.*
*409 For the reasons articulated by the Court in Cone, 330 U. S., at 216, it may be unfair or even an abuse of discretion for a court of appeals to direct a verdict in favor of the party that lost below if that party failed to make a timely Rule 50(b) motion. Likewise, it may not be “just under the circumstances” for a court of appeals to order a new trial in the absence of a proper Rule 59 motion. Finally, a court of appeals has discretion to rebuff, on grounds of waiver or forfeiture, a challenge to the sufficiency of the evidence absent a proper Rule 50(b) or Rule 59 motion made in the district court. None of the foregoing propositions rests, however, on a determination that the courts of appeals lack “power” to review the sufficiency of the evidence and order appropriate relief under these circumstances, and I can divine no basis for that determination.
I respectfully dissent.

The Court suggests that the Seventh Amendment limits appellate courts’ power to review judgments under 28 U. S. C. § 2106. See ante, at 402-403, n. 4. I disagree with the Court’s analysis in two respects. *409 First, although the right to trial by jury might be implicated if no Rule 50(a) motion had been made, such a motion was made in this case. The Rule 50(a) motion triggered the automatic reservation of “legal questions,” Fed. Rule Civ. Proc. 50(b), and that reservation, in turn, averted any Seventh Amendment problem, see Baltimore & Carolina Line, Inc. v. Red-man, 295 U. S. 654 (1935). Second, the Seventh Amendment imposes no greater restriction on appellate courts than it does on district courts in these circumstances; “[a]s far as the Seventh Amendment’s right to jury trial is concerned, there is no greater restriction on the province of the jury when an appellate court enters judgment n. o. v. than when a trial court does.” Neely v. Martin K. Eby Constr. Co., 386 U. S. 317, 322 (1967).