CONE *v.* WEST VIRGINIA PULP & PAPER CO.

No. 184.   Argued February 3, 1947.—Decided March 3, 1947.

*H. Wayne Unger* and, by special leave of Court, *James P. Mozingo, pro hac vice,* argued the cause for petitioner. With them on the brief was *W. J. McLeod, Jr.*

*Christie Benet* and *Charles W. Waring* argued the cause for respondent.   With them on the brief was *J. B. S. Lyles.*

MR. JUSTICE BLACK delivered the opinion of the Court.

The petitioner brought this action in a South Carolina state court.   Upon motion of respondent, it was removed to the Federal District Court because of diversity

of citizenship of the parties. The complaint claimed $25,000 damages upon allegations that the respondent's agents had trespassed upon and cut timber from lands owned by and in the possession of the petitioner. Respondent's answer denied that the petitioner had title or possession of the lands and timber. Both title and possession became crucial issues in the trial. The burden of proving them rested on the petitioner.[1] When all the evidence of both parties had been introduced, the respondent moved for a directed verdict in its favor on the ground that the petitioner had failed to prove that he either owned or was in possession of the land.[2] This motion was denied. The jury returned a verdict for petitioner for $15,000, and the court entered judgment on the verdict. The respondent moved for a new trial on the ground of newly discovered evidence. This motion was denied. Respondent did not move for judgment notwithstanding the verdict as it might have done under Rule 50 (b) of the

---

[1] Under governing South Carolina law an action such as this is not one to try title but "to recover damages for trespass to property of which the plaintiff was in possession." *Macedonia Baptist Church* v. *Columbia,* 195 S. C. 59, 70, 10 S. E. 2d 350, 355. But possession may be presumed from proof of legal title. *Beaufort Land & Investment Co.* v. *New River Lumber Co.,* 86 S. C. 358, 68 S. E. 637; *Haithcock* v. *Haithcock,* 123 S. C. 61, 115 S. E. 727; Code of Laws of South Carolina (1942) § 377. Petitioner here undertook to prove possession both by showing that he had legal title and by showing that he had openly and notoriously exercised acts of dominion, possession, and ownership over a long period of years.

[2] Respondent first moved to dismiss the case on the same grounds under Rule 41 (b) of the Rules of Civil Procedure. That rule provides for a dismissal, under the circumstances and conditions there set out, where "upon the facts and the law the plaintiff has shown no right to relief." Since substantially the same disposition of the case on the same grounds was later requested by respondent in the motion for a directed verdict, we shall have no occasion further to discuss the motion to dismiss.

Federal Rules of Civil Procedure, which is set out below.[3]

The Circuit Court of Appeals decided that the admission of certain evidence offered by the petitioner to prove legal title was prejudicial error. It held that without this improperly admitted evidence petitioner's proof was not sufficient to submit the question of title to the jury. That court also held that petitioner's evidence showing possession was insufficient to go to the jury. It therefore reversed the case. But instead of remanding it to the District Court for a new trial, the Circuit Court of Appeals directed that judgment be entered for respondent. 153 F. 2d 576. That court has thus construed Rule 50 (b) as authorizing an appellate court to direct a judgment notwithstanding the verdict, even though no motion for such a judgment had been made in the District Court within ten days after the jury's discharge.

The petition for certiorari challenged the power of an appellate court to direct entry of a judgment notwithstanding the verdict where timely motion for such a judg-

---

[3] 50 (b) "RESERVATION OF DECISION ON MOTION. Whenever a motion for a directed verdict made at the close of all the evidence is denied or for any reason is not granted, the court is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by the motion. Within 10 days after the reception of a verdict, a party who has moved for a directed verdict may move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his motion for a directed verdict . . . A motion for a new trial may be joined with this motion, or a new trial may be prayed for in the alternative. If a verdict was returned the court may allow the judgment to stand or may reopen the judgment and either order a new trial or direct the entry of judgment as if the requested verdict had been directed. If no verdict was returned the court may direct the entry of judgment as if the requested verdict had been directed or may order a new trial."

ment had not been made in the District Court. On three previous occasions we have granted certiorari to consider this point but failed to reach it because, upon examination of the evidence, we found it sufficient to justify submission of all three cases to the jury. *Conway* v. *O'Brien,* 312 U. S. 492; *Berry* v. *United States,* 312 U. S. 450; *Halliday* v. *United States,* 315 U. S. 94. In this case we granted certiorari "limited to the questions of federal procedure raised by the petition for the writ." 329 U. S. 701. The point we had in mind was whether a party's failure to make a motion in the District Court for judgment notwithstanding the verdict, as permitted in Rule 50 (b), precludes an appellate court from directing entry of such a judgment. Other questions have been discussed here, but we do not consider them. Consequently, we accept, without approving or disapproving, the Circuit Court of Appeals' holding that there was prejudicial error in the admission of evidence and in the submission of the case to the jury.

Rule 50 (b) contains no language which absolutely requires a trial court to enter judgment notwithstanding the verdict even though that court is persuaded that it erred in failing to direct a verdict for the losing party. The rule provides that the trial court "may reopen the judgment and either order a new trial or direct the entry of judgment as if the requested verdict had been directed." This "either-or" language means what it seems to mean, namely, that there are circumstances which might lead the trial court to believe that a new trial rather than a final termination of the trial stage of the controversy would better serve the ends of justice. In short, the rule does not compel a trial judge to enter a judgment notwithstanding the verdict instead of ordering a new trial; it permits him to exercise a discretion to choose between the two alternatives. See *Berry* v. *United States, supra,* 452–

453.[4] And he can exercise this discretion with a fresh personal knowledge of the issues involved, the kind of evidence given, and the impression made by witnesses. His appraisal of the bona fides of the claims asserted by the litigants is of great value in reaching a conclusion as to whether a new trial should be granted. Determination of whether a new trial should be granted or a judgment entered under Rule 50 (b) calls for the judgment in the first instance of the judge who saw and heard the witnesses and has the feel of the case which no appellate printed transcript can impart. See *March* v. *Philadelphia & West Chester Traction Co.,* 285 Pa. 413, 418, 132 A. 355, 357; *Bunn* v. *Furstein,* 153 Pa. Super. 637, 638, 34 A. 2d 924. See also *Yutterman* v. *Sternberg,* 86 F. 2d 321, 324. Exercise of this discretion presents to the trial judge an opportunity, after all his rulings have been made and all the evidence has been evaluated, to view the proceedings in a perspective peculiarly available to him alone. He is thus afforded "a last chance to correct his own errors without the delay, expense or other hardships of an appeal." See *Greer* v. *Carpenter,* 323 Mo. 878, 882, 19 S. W. 2d 1046, 1047. *Cf. United States* v. *Johnson,* 327 U. S. 106, 112.

---

[4] The Advisory Committee on Rules for Civil Procedure in commenting on Rule 50 (b) stated that "A trial court or an appellate court in setting aside a verdict always has discretion, if justice requires it, to order a new trial, instead of directing the entry of judgment. Rule 50 (b) states that the court on a motion for judgment notwithstanding the verdict 'may either order a new trial or direct the entry of judgment' for the moving party." Report of Proposed Amendments to Rules of Civil Procedure (1946) 66. See also New York Symposium on Federal Rules (1938) 283–284. Compare *March* v. *Philadelphia & West Chester Traction Co.,* 285 Pa. 413, 132 A. 355; *Nadeau,*v. *Maryland Casualty Co.,* 170 Minn. 326, 331, 212 N. W. 595, 597; *Anderson* v. *Newsome,* 193 Minn. 157, 258 N. W. 157; *Porsmer* v. *Davis,* 152 Minn. 181, 188 N. W. 279; *Jackson* v. *Hansard,* 45 Wyo. 201, 218, 17 P. 2d 659, 664.

There are other practical reasons why a litigant should not have his right to a new trial foreclosed without having had the benefit of the trial court's judgment on the question. Take the case where a trial court is about to direct a verdict because of failure of proof in a certain aspect of the case. At that time a litigant might know or have reason to believe that he could fill the crucial gap in the evidence. Traditionally, a plaintiff in such a dilemma has had an unqualified right, upon payments of costs, to take a nonsuit in order to file a new action after further preparation, unless the defendant would suffer some plain legal prejudice other than the mere prospect of a second lawsuit. *Pleasants* v. *Fant,* 22 Wall. 116, 122; *Jones* v. *S. E. C.,* 298 U. S. 1, 19–20 and cases cited. Rule 41 (a) (1) preserves this unqualified right of the plaintiff to a dismissal without prejudice prior to the filing of defendant's answer. And after the filing of an answer, Rule 41 (a) (2) still permits a trial court to grant a dismissal without prejudice "upon such terms and conditions as the court deems proper." [5]

In this case had respondents made a timely motion for judgment notwithstanding the verdict, the petitioner could have either presented reasons to show why he should have a new trial, or at least asked the court for permission to dismiss. If satisfied from the knowledge acquired from the trial and because of the reasons urged that the ends of justice would best be served by allowing petitioner another chance, the judge could have so provided in his discretion. The respondent failed to submit

---

[5] Rule 41 (a) (2), Federal Rules of Civil Procedure, has been interpreted as authorizing a plaintiff to dismiss his action "without prejudice where the court believes that although there is a technical failure of proof there is nevertheless a meritorious claim." Report of Proposed Amendments to Rules of Civil Procedure (1946) 64; see *United States* v. *Lyman,* 125 F. 2d 67; 138 F. 2d 509; *Home Owners' Loan Corporation* v. *Huffman,* 134 F. 2d 314, 317.

a motion for judgment notwithstanding the verdict to the trial judge in order that he might exercise his discretionary power to determine whether there should be such a judgment, a dismissal or a new trial. In the absence of such a motion, we think the appellate court was without power to direct the District Court to enter judgment contrary to the one it had permitted to stand.

It has been suggested that the petitioner could have presented affidavits to the Circuit Court of Appeals to support his claim for a new trial, and that that court could thereupon have remanded the question to the District Court to pass upon it.[6] Such a circuitous method of determining the question cannot be approved. For Rule 50 (b) specifically prescribes a period of ten days for making a motion for judgment notwithstanding the verdict. Yet the method here suggested would enable litigants to extend indefinitely the prescribed ten-day period simply by adoption of the expedient of an appeal. Furthermore, it would present the question initially to the appellate court when the primary discretionary responsibility for its decision rests on the District Court.

*Reversed.*

---

[6] This general suggestion was made by the Advisory Committee on Rules for Civil Procedure in its recent recommendation to us for modification of Rule 50 (b). The Committee said: "Even on appeal, if the appellate court sets aside his verdict, he may present to the appellate court affidavits to support his claim to a new trial, and the appellate court has power to receive the affidavits and remand the case to the trial court with instructions to consider the affidavits and determine whether a new trial should be allowed." Report of Proposed Amendments, *supra,* 66.