Cedric D. DRAPER, Plaintiff,

v.

ERIE RAILROAD COMPANY, a corporation, Defendant.

Civ. A. No. 15246.

United States District Court
W. D. Pennsylvania.

May 25, 1960.

Dennis C. Harrington, McArdle, Harrington & McLaughlin, Pittsburgh, Pa., for plaintiff.

James M. Arensberg, Patterson, Crawford, Arensberg & Dunn, Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

This is an action under the Safety Appliance Act and/or Federal Employers' Liability Act to recover damages for injuries sustained while plaintiff was employed as a brakeman for the Erie Railroad Company. 45 U.S.C.A. § 51 et seq., 45 U.S.C.A. § 11.

Upon jury trial, a verdict was returned in favor of plaintiff in the amount of $85,000.

The matter before this court is two-fold:

1. Defendant's motion for judgment n. o. v.

2. Defendant's motion for new trial.

### Motion for Judgment N.O.V.

■■ Despite the fact that judgment had been entered December 14, 1959, defendant never made formal request for the entry of judgment n. o. v. until time of argument, or approximately five months after the entry of said judgment. Rule 50(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., specifically prescribes a period of ten days for making a motion for judgment notwithstanding the verdict. The requirement is mandatory and leaves no discretion with the trial judge, Cone v. West Virginia Pulp & Paper Co., 330 U.S. 212, 67 S.Ct. 752, 91 L.Ed. 849.

■ But even assuming that a motion for judgment n. o. v. were timely filed, in considering the testimony and inferences to be drawn therefrom in a light most favorable to the plaintiff, it appears that plaintiff was a party to a conversation in which he was apprised by defendant's yardmaster that track No. 7 would not be in use for twenty minutes, but within a matter of minutes other employees of defendant allowed nine loaded freight cars to enter said track and collide with other cars. In an attempt to stop the runaway train, plaintiff boarded the free moving cars, and as he attempted to turn the brake wheel it let go, catapulting plaintiff to the ground and causing his injuries.

■ I am satisfied that the conclusion may be drawn, with reason, that the negligence of the employer played a part in the injuries plaintiff sustained. Furthermore, a question of the efficiency of the handbrake was squarely posed for jury determination, Rogers v. Missouri Pacific Railroad Company, 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493; 45 U.S.C.A. § 11.

■ The court is not free to reweigh the evidence and set aside the jury's verdict merely because the jury could have drawn different inferences or conclusions, or because the court regards another result as more reasonable. Tennant v. Peoria & P. U. Railroad Company, 321 U.S. 29, 64 S.Ct. 409, 88 L.Ed. 520; Masterson v. Pennsylvania Railroad Company, 3 Cir., 182 F.2d 793; Thomas v. Conemaugh & Black Lick Railroad Company, 3 Cir., 234 F.2d 429.

### Motion for New Trial

■ Aside from the allegation that the verdict is against the weight of the evidence, defendant predicates its motion for new trial on the complaint that the verdict is excessive. Plaintiff suffered a chipped fracture of the first and second lumbar vertebrae, fracture of the right tibia and experiences impingement upon the nerves as a result of the compression fractures. He is rendered totally disabled from doing the work of a brakeman.

To date of trial plaintiff experienced a wage loss in excess of $8,000. Based upon the United States mortality tables he has a potential life span of 36.2 years. Projecting the economic loss which plaintiff will sustain as a result of his inability to carry on remunerative employment as a brakeman augmented by an evaluation of the excruciating pain and inconvenience that he experienced together with the residual pain which is prognosticated into the indefinite future, I do not deem a verdict in the amount of $85,-000 to be excessive.

■ As this Circuit has frequently reiterated, while an award may be high, it should stand if there is ample evidence to justify it. It is not my prerogative to arbitrarily substitute my judgment for that of the jury. Trowbridge v. Abrasive Co. of Philadelphia, 3 Cir., 190 F.2d 825; Lebeck v. William A. Jarvis, Inc., 3 Cir., 250 F.2d 285; Thomas v. Conemaugh & Black Lick Railroad Company, 3 Cir., 234 F.2d 429.

In the exercise of my judicial discretion, upon re-examination and meticulous review of the record, viewing the verdict in the overall setting of the trial and considering the character of the evidence and the legal principles which the jury was bound to apply to the facts, it is incumbent upon me to abstain from interfering with the verdict unless it is quite clear that the jury has reached a

seriously erroneous result, Lind v. Schenley Industries, Inc., 3 Cir., 1960, 278 F.2d 79. Substantial evidence exists in the record to support the verdict of the jury.

Motion for Judgment n. o. v. and/or new trial will be refused.

An appropriate order is entered.