Elsie Clark QUINBY, Guardian of Kathy
L. Barrows, Plaintiff,

v.

Rufus C. MORROW, Eleanor Krukonis
and Mary Fletcher Hospital,
Defendants.

No. 28, Docket 28834.

United States Court of Appeals
Second Circuit.

Argued Sept. 30, 1964, Jan. 7, 1965.

Decided Jan. 14, 1965.

Robert K. Bing, Burlington, Vt.
(Gravel & Bing, Burlington, Vt., on the
brief), for Elsie Clark Quinby.

John M. Dinse, Burlington, Vt. (Wick,
Dinse & Allen, Burlington, Vt., on the
brief), for Rufus C. Morrow.

A. Pearley Feen, Burlington, Vt., for
Mary Fletcher Hospital and Eleanor
Krukonis.

Before LUMBARD, Chief Judge, and
FRIENDLY and MARSHALL, Circuit
Judges.

LUMBARD, Chief Judge.

These are cross-appeals from judg-
ments in favor of the plaintiff against
one defendant and in favor of the two
other defendants in a tort action brought
in the District Court for Vermont. The
plaintiff sought damages for a third
degree burn sustained by her ward when
the surgeon placed a hot metal gag in
her mouth during a tonsillectomy. The
defendants are the Mary Fletcher Hos-
pital, the surgeon, Dr. Rufus C. Morrow,
and the instrument nurse, Mrs. Eleanor
Krukonis. The jury returned a $30,000
verdict against the hospital but returned
verdicts in favor of Dr. Morrow and
Mrs. Krukonis. The hospital argues that
the verdicts against it and in favor of
Mrs. Krukonis are inconsistent and
claims numerous errors in the charge to
the jury and the conduct of the trial. The
plaintiff cross-appeals on the ground
that the verdicts in favor of Dr. Morrow
and Mrs. Krukonis were against the
weight of the evidence. We affirm the
judgments.

There is no logical inconsistency
in the verdicts. It is true that the most
obvious basis for finding the hospital

negligent would have been negligence on the part of Mrs. Krukonis. (The plaintiff does not challenge the court's instruction that the hospital was not responsible for Dr. Morrow's acts.) However, there also was evidence from which the jury could have found the hospital liable because of the negligence of the circulating nurse, Martha Lewis Sweet, who was not joined in the suit. Mrs. Krukonis testified that it was the duty of the circulating nurse to have available a basin of water for cooling the instruments after they were sterilized. According to Dr. Morrow, the basin was missing for the operation on the plaintiff's ward, or at least not in its usual place. He agreed that this was "a serious omission," and the jury properly could have found that it constituted negligence on the part of the hospital and was a proximate cause of the accident.

While the court's instructions could have stated the respective duties of the hospital and the surgeon with greater precision, we cannot say that they were so erroneous or misleading as to require reversal.

In her cross-appeal the plaintiff argues that the weight of the evidence required the jury to find Dr. Morrow and Mrs. Krukonis negligent. She seeks entry of judgment in her favor against these defendants or, alternatively in the event that we grant a new trial to the hospital, a new trial as to them as well.

Since we do not grant a new trial to the hospital, we need consider only the plaintiff's request for entry of judgment in her favor. We are precluded from granting that request by the plaintiff's failure to move in the district court for judgment notwithstanding the verdict. Cone v. West Virginia Pulp and Paper Co., 330 U.S. 212, 67 S.Ct. 752, 91 L.Ed. 849 (1947), construing Rule 50(b) of the Federal Rules of Civil Procedure. It thus appears that, in view of our disposition of the hospital's appeal, the plaintiff does not seek any relief which this court is empowered to grant.

The judgments are affirmed.