852 F.2d 1287
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Paul O. MAYNARD, Sr., Plaintiff-Appellant,
v.
MARION POWER SHOVEL, DIVISION OF DRESSER INDUSTRIES, INC.,
Defendant-Appellee.
 No. 86-4163.
 United States Court of Appeals, Sixth Circuit.
 Aug. 2, 1988.
 
 Before WELLFORD and DAVID A. NELSON, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This case, which has been tried twice, was brought under the Age Discrimination in Employment Act, 29 U.S.C. Sec. 621 et seq. In the first trial the jury returned a verdict for the plaintiff. The district court ordered a new trial on the ground that the verdict was contrary to the weight of the evidence. The second trial resulted in a verdict for the defendant. Finding no abuse of discretion in the decision to grant a new trial, we shall affirm the judgment entered on the second verdict.
 
 
 2
 The plaintiff was employed as a regional sales manager by Marion Power Shovel Company and its successor, Dresser Industries, from December of 1968 until January 17, 1981, at which time he was discharged. He was 47 years old at the time of his discharge.
 
 
 3
 The defendant claims that the plaintiff had a history of inadequate performance, unprofessional conduct, and difficulty working with customers, peers, and supervisors. The plaintiff's counsel concedes that the plaintiff "had a mixed employment record including a number of written reprimands and some less than satisfactory performance evaluations;" counsel finds it significant, however, that the plaintiff was not discharged earlier and that in his last performance appraisal, prepared in April of 1980, his performance was rated "fully satisfactory."
 
 
 4
 The evidence presented in the plaintiff's case in chief focused on two points. First, the plaintiff testified that Marketing Vice President Arnold Freund, the man who eventually decided to fire him, commented in the Spring of 1980 that after a reorganization that was then in the works, no one older than Freund would "be around." Freund denied making this statement, and it appears that Albert Alexander, a witness to the conversation, was unable to corroborate the story. Second, the plaintiff introduced evidence that between 1980 and 1983 nine regional sales managers (including himself) who were over 40 years of age left active employment with the company, while most of the younger regional sales managers stayed on. The plaintiff presented evidence suggesting that five of the nine were involuntarily discharged, two were forced into disability retirement by threats of transfer and demotion, and the other two voluntarily resigned.
 
 
 5
 The defendant then presented evidence indicating that the plaintiff's poor performance was the cause of his termination. There was testimony by employees and customers of the defendant to the effect that the plaintiff was offensive to customers, could not get along with co-workers, was technically incompetent to explain the defendant's products, and refused to follow his superior's instructions about filing itineraries. One witness testified that between 1976 and 1980 the plaintiff was nearly fired three times for poor performance and behavioral problems. The company director of industrial relations testified that the plaintiff had the worst personnel file he had ever reviewed.
 
 
 6
 The defendant also introduced evidence to show that the plaintiff's dismissal was not related to age. First, the individuals who participated in the decision to discharge him were all close to his age or older. Second, at the time of his discharge the plaintiff was younger than four other regional sales managers who were retained. Third, Arnold Freund had hired one regional sales manager who was 47 years old and another who was 54. Fourth, during the period between 1980 and 1984, the percentage of marketing department employees over 40 years old increased from 48.6% to 60.7%. Lastly, the defendant showed that, of the eight other regional sales managers over 40 whom the plaintiff identified as leaving active employment between 1980 and 1983, two quit, two went on medical disability leave, and two recent managers who had been hired by Freund were "let go because of their short service." (Freund himself left to work for a competitor.) Only two regional sales managers, including the plaintiff, were terminated for unsatisfactory performance.
 
 
 7
 The plaintiff's rebuttal evidence disputed the company's claim that one Glen Ludy's disability retirement was voluntary and disputed the defendant's characterization of the plaintiff's behavior at a certain meeting.
 
 
 8
 The jury returned a verdict for the plaintiff. The defendant then moved for judgment notwithstanding the verdict or, in the alternative, for a new trial. The district court denied the defendant's motion for a judgment n.o.v., but granted its motion for a new trial. Noting that "the standard for granting a motion for new trial is less stringent" than that for granting a judgment n.o.v., the district court found that the "verdict was contrary to the weight of the evidence." The court observed that this "was a relatively long and complicated trial and not easily comprehended by the jury." It concluded that a new trial was warranted after "[b]alancing the conflicting principles relative to the granting of a motion for new trial."
 
 
 9
 In due time a second trial was conducted and the jury returned a verdict for the defendant. This appeal followed.
 
 
 10
 The plaintiff argues that this court ought to "closely scrutinize" or "stringently review" the district court's decision to grant the defendant's motion for a new trial. Our practice, however, is to review the grant of such motions only for abuse of discretion. See, e.g., D.R.C.D.T., Inc. v. Integrity Insurance Co., 816 F.2d 273, 276 (6th Cir.1987). Under this standard, the district court enjoys wide latitude in ordering a new trial; "there are few cases where an appellate court has reversed a decision of a district court in either granting or denying a motion for a new trial based on the ground that the verdict was against the weight of the evidence." Id., quoting Duncan v. Duncan, 377 F.2d 49, 53 (6th Cir.), cert. denied, 389 U.S. 913 (1967). Moreover, as the court stated in Chappell v. GTE Products Co., 803 F.2d 261, 265 (6th Cir.1986), cert. denied, 107 S.Ct. 1375 (1987), "jury control devices" such as a new trial are applicable in age discrimination suits "due to the possibility that sympathy for the plaintiff may present an overriding but impermissible factor in a jury verdict for plaintiff."
 
 
 11
 The plaintiff argues that granting a new trial on the ground that the verdict was against the weight of the evidence threatens the right of trial by jury, citing Lind v. Schenley Industries Inc., 278 F.2d 79 (3d Cir.), cert. denied, 364 U.S. 835 (1960). The Lind court, however, stated that reversal requires "special or unusual circumstances which clearly indicate an abuse of discretion," and noted that the grounds for reversal are "exceedingly narrow." Id. at 88-89.
 
 
 12
 On the merits, the plaintiff argues that, although his evidence was mainly circumstantial, the jury could reasonably have reached a verdict for the plaintiff by crediting his evidence and documents over the "intemperate" trial testimony of the defendant's witnesses. Although admitting that the "defendant presented a number of witnesses who testified to plaintiff's unremitting incompetence throughout his eleven years of employment," the plaintiff argues that their testimony was impeached and contradicted by the plaintiff and their own prior inconsistent statements. Essentially, the plaintiff contends that the case turned on credibility determinations that were, and ought to have been, made by a jury. He also argues that the court erred in finding that the trial was "relatively long and complicated" and "not easily comprehended by the jury," and in failing to provide supportive findings for its decision.
 
 
 13
 None of the plaintiff's arguments establishes that the district court abused its discretion in granting a new trial. The court found, after considering all the evidence, that it was "left with the definite and firm conviction that a mistake ha[d] been committed." A motion for a new trial "calls for the judgment ... of the judge who saw and heard the witnesses and has the feel of the case which no appellate printed transcript can impart." Cone v. West Virginia Pulp & Paper Co., 330 U.S. 212, 216 (1947). In the instant case, we find nothing in the record to suggest that this court ought to disturb that judgment.
 
 
 14
 The judgment is AFFIRMED.