James F. FORD

v.

**RIGIDPLY RAFTERS, INC., et al.**

No. Y–96–1699.

United States District Court,
D. Maryland.

April 1, 1998.

648

Paul F. Evelius, Baltimore, MD, for Plaintiff.

Gorman E. Getty, III, Cumberland, MD, Jeffrey S. Getty, Cumberland, MD, for Defendants.

## MEMORANDUM OPINION

JOSEPH H. YOUNG, Senior District Judge.

### I.

This Title VII same-sex sexual harassment case is before the Court on Defendants' motion for judgment as a matter of law (JMOL) or for new trial, and on Plaintiff's motion for attorney fees. The case was tried to a jury in June 1997. Although the jury determined that Rigidply employee Leonard Orendorf did not sexually harass Plaintiff, the jury did find that Rigidply retaliated against Plaintiff, thereby violating Title VII, and that Rigidply was liable for Plaintiff's termination. The jury also found that Defendants did not retaliate against Plaintiff for filing a workers compensation claim, but that they did retaliate for filing the claim *and* this lawsuit. The jury awarded Plaintiff $15,000 in compensatory damages, and the Court, on Plaintiff's motion, entered judgment against Defendants in the amount of $72,280.01, which included the jury's $15,000 damages award and $57,280.01 in back pay, interest, and front pay by reported Opinion and Order dated November 24, 1997. *Ford v. Rigidply Rafters, Inc.,* 984 F.Supp. 386 (D.Md.1997).

## II.

Defendants advance a two-pronged attack on the jury's verdict, contending that Plaintiff failed to prove that Defendants retaliated against him because he has no claim of same-sex sexual harassment under Fourth Circuit case law, and that Plaintiff cannot prevail on his state law wrongful discharge claims because Title VII cannot serve as a basis for such a claim under Maryland law, and because the jury found that Rigidply did not retaliate against Plaintiff solely because he filed a workers compensation claim.

■ JMOL is proper when, without weighing the credibility of the evidence, only one reasonable conclusion as to the proper judgment exists. FED. R. CIV. P. 50(a); *Singer v. Dungan*, 45 F.3d 823, 826 (4th Cir.1995). The movant is entitled to JMOL if the non-movant failed to prove an essential element of his case. *Singer*, 45 F.3d at 827. The evidence is reviewed in the light most favorable to the non-movant. *Id.* When an alternative motion for new trial is made, the Court may, in its discretion, order a new trial instead of granting JMOL. FED. R. CIV. P. 50(b)(1); *Cone v. West Va. Pulp & Paper Co.*, 330 U.S. 212, 215–16, 67 S.Ct. 752, 91 L.Ed. 849 (1947). In determining whether to grant a new trial, the Court may weigh the evidence and consider credibility, and the Court has wide discretion in making its determination. *Hamilton v. 1st Source Bank*, 895 F.2d 159, 162 (4th Cir.1990). Additionally, the proper remedy for an inconsistent verdict is to grant a new trial; however, the Court must determine whether the jury's verdict can be sustained or reconciled on any reasonable theory. *Atlas Food Sys. & Serv., Inc. v. Crane Nat'l Vendors, Inc.*, 99 F.3d 587, 598–99 (4th Cir.1996).

### A.

■ Defendants contend that Plaintiff did not establish a reasonable belief necessary to sustain his retaliation claim because Plaintiff did not have a viable discrimination claim under Fourth Circuit law. Defendants base this argument on the Fourth Circuit's holding that a Title VII claim for same-sex hostile work environment sexual harassment lies only where the alleged harasser is homosexual, *see Wrightson v. Pizza Hut of America, Inc.*, 99 F.3d 138, 144 (4th Cir.1996); *McWilliams v. Fairfax County Bd. of Supervisors*, 72 F.3d 1191 (4th Cir.), *cert. denied,* —— U.S. ——, 117 S.Ct. 72, 136 L.Ed.2d 32 (1996), and that Plaintiff failed to prove his claim.

■ This argument is without merit. First, it is well-settled in the Fourth Circuit that a Title VII plaintiff alleging unlawful Title VII retaliation need not prove the underlying claim of sexual harassment to prevail upon the retaliation claim. *Hopkins v. Baltimore Gas & Elec. Co.*, 77 F.3d 745, 754 (4th Cir.), *cert. denied,* —— U.S. ——, 117 S.Ct. 70, 136 L.Ed.2d 30 (1996). If the plaintiff proves his reasonable belief that sexual harassment occurred, he may maintain his retaliation claim. *Kralowec v. Prince George's County*, 503 F.Supp. 985, 1008 (D.Md.1980), *aff'd*, 679 F.2d 883 (4th Cir. 1982). Reviewing the evidence in a light most favorable to Ford, the presence of evidence that Plaintiff's supervisor, Leonard Orendorf, repeatedly touched private parts of Plaintiff's body, performed simulated sodomy on Plaintiff, and that an attorney had advised Plaintiff of a possible sexual harassment claim, would permit a reasonable jury to conclude that Plaintiff had a reasonable belief that sexual harassment occurred. Further, in *Oncale v. Sundowner Offshore Serv., Inc.*, —— U.S. ——, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998), the Supreme Court rejected *McWilliams* and *Wrightson,* holding that a hostile work environment claim will lie based on same sex sexual harassment. *Id.* at 1002–03. Although *Oncale* was decided after the trial of this case, the decision undercuts Defendants' argument based on *McWilliams* and *Wrightson*.

Accordingly, the jury's verdict finding Defendants liable for unlawful retaliation under Title VII is supported by the evidence, and the Court will deny the motion for JMOL or a new trial as to that claim.

### B.

■ Defendants contend the state law wrongful discharge claim must be set aside because of the jury's inconsistent verdict. The jury, in its special verdict form, found

that Defendants had not discharged Plaintiff solely for filing a workers compensation claim, but also found that Defendants had discharged Plaintiff *both* for filing a claim, *and* in retaliation for opposing sexual harassment. Defendants argue that JMOL is appropriate because under Maryland law, a Title VII violation cannot serve as a basis for wrongful discharge liability, and because the jury did not find, as it must under Maryland law, that Defendants discharged Plaintiff *solely* because of the workers compensation claim. Plaintiff responds that such a result would permit an employer to escape liability for wrongfully firing an employee if the employer had two wrongful motives for doing so, rather than one wrongful motive.

■ Defendants correctly note that under Maryland law, an employer may not discharge an employee solely because the employee files a workers compensation claim. MD. CODE ANN., LAB. & EMPL. § 9–1105(a). To prevail on a wrongful discharge claim premised upon a violation of § 9–1105(a), the employee must, under the terms of the statute, prove that the *sole* reason for the discharge was the employee's filing of a workers compensation claim. *Kern v. South Baltimore Gen. Hosp.*, 66 Md.App. 441, 447–48, 504 A.2d 1154 (1986). The *Kern* court relied upon the plain language of this statute to conclude that the plaintiff could not prevail upon her wrongful discharge theory where the record demonstrated that the plaintiff was fired for filing a workers compensation claim and for absenteeism. *Id.* at 448, 452, 504 A.2d 1154.

Moreover, Defendants also contend that in Maryland, a wrongful discharge claim does not lie for discharge based on sex discrimination violative of Title VII. *Makovi v. Sherwin–Williams Co.*, 316 Md. 603, 626, 561 A.2d 179 (1989). The *Makovi* court based its decision on the general principle that the tort of wrongful discharge is limited to remedying only those discharges which violate public policy, but for which no other civil remedy exists. *Id.* In this case, Plaintiff could not, had he premised his wrongful discharge claim solely upon a retaliation theory, prevail on his wrongful discharge claim because Title

VII provides the exclusive remedy for that violation under *Makovi*.

■ In sum, this case presents the unique situation where Plaintiff has been discharged for two wrongful reasons—filing a workers compensation claim, and for pursuing a Title VII claim. A literal reading of § 9–1105(a) eviscerates Plaintiff's right to recover because the filing of a workers compensation claim is not the sole reason for Plaintiff's termination. However, the alternative wrongful motive will not, standing alone, support a claim for wrongful discharge under Maryland law. Thus, Defendants' argument would, if accepted, permit an employer to avoid liability in this unusual situation by terminating an employee solely for wrongful reasons.

■ The Court rejects the Defendants' arguments, and finds that neither JMOL nor a new trial is appropriate as to the wrongful discharge claim. It is well-settled in Maryland that where a statute is clear and unambiguous, and does not lead to an absurd result, a reviewing Court need look no further than the language of the statute to resolve the issue before it. *State v. Bricker*, 321 Md. 86, 92, 581 A.2d 9 (1990); *United States ex rel. Joslin v. Community Home Health of Md., Inc.*, 984 F.Supp. 374, 381 (D.Md.1997). Defendants' reading of § 9–1105(a) would permit an employer to avoid liability for discharging an employee for two wrongful reasons, one of which, standing alone, would support liability. The Court declines to interpret the statute in this anomalous manner.

Moreover, *Kern* is distinguishable because it involved two reasons for the employee's discharge—one legitimate, and the other (for filing a workers compensation claim) wrongful. Thus, this Court reads *Kern* simply as holding that under § 9–1105(a), an employer who has mixed motives for discharging an employee may avoid liability provided one motive is legitimate. *See also Ayers v. ARA Health Serv., Inc.*, 918 F.Supp. 143, 149 (D.Md.1995) (granting summary judgment for employer where employer had legitimate reason for firing employee, but also emphasizing that plaintiff must establish discharge solely because of filing a workers compensation claim). However, this case does not

concern mixed legitimate and wrongful motives, but solely concerns termination for mixed but unlawful motives.

Accordingly, the Court will deny JMOL and a new trial on the wrongful discharge claim. Moreover, as Plaintiff notes, Plaintiff's successful claim for Title VII retaliation is independent from the wrongful discharge claim, and either can support the jury's damage award.

### III.

■ Plaintiff's counsel requests $56,430 in attorneys fees and $3654.32 in costs against Defendant Rigidply, pursuant to 42 U.S.C. § 2000e–5(k), and calculates the lodestar amount by multiplying the total hours spent on the case (297) by a $190 hourly rate. The award of attorneys fees is within the Court's discretion. *Hensley v. Eckerhart*, 461 U.S. 424, 436–37, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *Sheppard v. Riverview Nursing Center, Inc.*, 88 F.3d 1332, 1334 (4th Cir.), *cert. denied*, —— U.S. ——, 117 S.Ct. 483, 136 L.Ed.2d 377 (1996).

■ In *EEOC v. Service News Co.*, 898 F.2d 958, 965 (4th Cir.1990), the Court reaffirmed that the twelve factors set forth in *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714 (5th Cir.1974), govern attorneys fee awards in Title VII cases. *See also Wileman v. Frank*, 780 F.Supp. 1063, 1064 & n. 1 (D.Md.1991). These include time and labor expended; novelty and difficulty of the questions raised; the needed skill to perform the legal services required; the attorney's opportunity costs; the customary fee for the work; the attorney's expectations at the outset of the litigation; time limitations imposed by the client; the amount in controversy and the results obtained; the experience, reputation, and ability of the attorney; the undesirability of the case; the relationship between attorney and client, and; attorney's fee awards in other, similar, cases. *Service News*, 898 F.2d at 965.

■ Applying the relevant factors to this case, Plaintiff's counsel has adequately documented the hours and labor spent on the case (Pl.'s Mot. for Atty's Fees, Exh. 1). Plaintiff's counsel is a partner at the firm of Wright, Constable & Skeen and has been practicing for ten years. Appendix B to the Court's Local Rules indicates that the customary fee for such an attorney in this District is between $190 and $225 per hour, and Plaintiff's counsel seeks $190 per hour. It is undisputed that counsel is well-regarded, competent, and experienced. Thus, the key inquiry is whether Plaintiff "achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award[.]" *Hensley*, 461 U.S. at 434. The Supreme Court has characterized the degree of success obtained as "the most critical factor" in determining the reasonableness of an award of attorneys fees. *Id.* at 436; *Farrar v. Hobby*, 506 U.S. 103, 114, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992). Although neither *Hensley* nor *Farrar* were Title VII cases, both involved civil rights violations, and the same reasoning applies here. Further, the Fourth Circuit has evinced its willingness to apply these cases to Title VII awards of attorneys fees. *Sheppard*, 88 F.3d at 1334–1336.

■ *Hensley, Farrar* and *Sheppard* require the Court to analyze the degree of success achieved by the plaintiff against the hours expended in the case, regardless of whether or not the claims are related. If the plaintiff achieves excellent results, his attorney should receive a full, reasonable, fee. *Hensley*, 461 U.S. at 435. If the plaintiff achieves only a limited or partial success, the full award of attorneys fees may be excessive, even if all the claims are interrelated. *Id.* at 436. Plaintiff in this case achieved a very limited success. Although all the claims stem from the same set of facts, and are therefore interrelated, Plaintiff prevailed on only two of his eight original claims—the Title VII retaliation claim and the Maryland wrongful discharge claim. Despite Plaintiff's demand for $1,000,000 in damages, the jury awarded only $15,000, which the Court later, in its discretion, supplemented with back pay, front pay, and pre-judgment interest. Assuming *arguendo* that counsel's requested fee represents a reasonable rate for a reasonable amount of time expended on the case, the requested $56,430 fee is disproportionate to Plaintiff's limited success. Accordingly, an award of $20,000 is appropriate, and the

Court will award the requested $3,654.32 in costs because Plaintiff has adequately documented his attorney's costs, which are undisputed (Pl.'s Mot. for Atty's Fees Exh. 2).

Based upon the foregoing analysis, Defendants' motion for judgment as a matter of law or for a new trial will be denied, Plaintiff's motion for attorneys fees and costs will be granted, and the Court will award a total of $23,654.32 in attorneys fees and costs to Plaintiff's counsel.

## ORDER

In accordance with the attached Memorandum, it is this 1st day of April 1998, by the United States District Court for the District of Maryland, ORDERED:

1. That Defendants' Motion for Judgment as a Matter of Law or for a New Trial (Paper No. 34) BE, and hereby IS, DENIED; and

2. That Plaintiff's Motion for Attorneys Fees and Costs (Paper No. 40) BE, and hereby IS, GRANTED; and

3. That Plaintiff's counsel BE, and hereby IS, AWARDED $23,654.32 in attorneys fees and costs to be paid by Defendants, pursuant to 42 U.S.C. § 2000e–5(k); and

4. That a copy of this Memorandum and Order be mailed to counsel for the parties.