11-0545-cv
Bernshtein v. City of New York

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of September, two thousand and twelve.

Present:
        BARRINGTON D. PARKER,
        PETER W. HALL,
        J. CLIFFORD WALLACE,*

                *Circuit Judges.*

_____

Alla Bernshtein,

                *Plaintiff - Appellant*,

        v.                                                      No.     11-0545-cv

City of New York,

                *Defendant - Cross - Defendant - Cross - Claimant - Appellee*,

_____

* Judge J. Clifford Wallace, of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

1

Raymond Brockmann, Detective, Shield # 03108,

> *Defendant - Cross - Claimant - Appellee*,

HWA, Inc.,

> *Defendant - Cross - Claimant - Cross - Defendant*,

Wilson Vega, Security Officer,

> *Defendant - Cross - Defendant*.

―――――――――――――――――――――――――――――――――――――

FOR APPELLANT:          SANFORD F. YOUNG, Law Office of Sanford F. Young, P.C., New York, N.Y. (David Zelman, *on the brief*, Law Office of David Zelman, Brooklyn, N.Y.).

FOR APPELLEE:           NEIL J. OXFORD (Sarah L. Cave, Gabrielle Y. Vazquez, *on the brief*) Hughes Hubbard & Reed LLP, New York, N.Y. *of counsel*, *for* Francis Caputo, Office of the Corporation Counsel, City of New York, New York, N.Y.

―――――――――――――――

Appeal from a judgment of the United States District Court for the Southern District of New York (Hellerstein, *J*.).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Appellant-Plaintiff Alla Bernshtein appeals from a judgment of the district court granting Defendants' summary judgment motion on (a) her false arrest claim against the individual detective, (b) her malicious prosecution claim against the individual detective, and (c) her *Monell* claim against the City of New York. She also appeals from a judgment of the district court (a) dismissing her excessive detention claim against the individual detective following a jury verdict in favor of the detective and (b) granting the City of New York's motion for judgment as a matter of law on the remaining *Monell* claim against the City. We assume the parties' familiarity with

the underlying facts, the procedural history of the case, and the issues on appeal, and we discuss these only as necessary to explain our decision.

## I. Summary Judgment in Favor of Defendant Raymond Brockmann

With respect to Bernshtein's false arrest claim, the district court properly granted summary judgment in favor of Detective Brockmann. The elements of false arrest require the plaintiff to establish that "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged." *Weyant v. Okst*, 101 F.3d 845, 853 (2d Cir. 1996) (alteration in original) (internal quotation marks and citation omitted). The existence of probable cause to arrest "is a complete defense to an action for false arrest," *id.* at 852 (internal quotation marks omitted), "whether that action is brought under state law or under § 1983," *Jenkins v. City of N.Y.*, 478 F.3d 76, 84 (2d Cir. 2007) (internal quotation marks and citation omitted). "[A]n arrest is not unlawful so long as the officer has knowledge of, or reasonably trustworthy information as to, facts and circumstances sufficient to provide probable cause to believe that the person arrested has committed *any crime*." *Zellner v. Summerlin*, 494 F.3d 344, 369 (2d Cir. 2007) (emphasis added) (citing *Devenpeck v. Alford*, 543 U.S. 146, 155 (2004)).

Regardless of whether Brockmann had probable cause to arrest Bernshtein for felony possession of a forged instrument, he clearly had probable cause to arrest her under New York City Administrative Code § 14-107, which prohibits "any person not a member of the police force . . . to have, use, wear or display without specific authority from the commissioner any . . . shield . . . in any way resembling that worn by members of the police force." *See* N.Y.C. Admin. Code § 14-107. Bernshtein, who was not a member of the police force, possessed a badge of the same

3

shape and size and the same general design as a badge used by the New York City police force. This amounts to "facts and circumstances sufficient to provide probable cause to believe [Bernshtein] committed [a violation of section 14-107]." *Zellner*, 494 F.3d at 369.

With respect to Bernshtein's malicious prosecution claim, the district court properly granted summary judgment in favor of Brockmann. The elements of a § 1983 malicious prosecution claim require that the plaintiff prove that (1) the defendant initiated a prosecution against the plaintiff, (2) the defendant lacked probable cause to believe the proceeding could succeed, (3) the defendant acted with malice, (4) the prosecution was terminated in the plaintiff's favor, and (5) there was a sufficient post-arraignment liberty restraint to implicate the plaintiff's Fourth Amendment rights. *Rohman v. N.Y.C. Transit Auth.*, 215 F.3d 208, 215 (2d Cir. 2000). The existence of probable cause is a complete defense, *Dickerson v. Napolitano*, 604 F.3d 732, 751 (2d Cir. 2010), and turns on "the knowledge of facts, actual or apparent, strong enough to justify a reasonable man in the belief that he has lawful grounds for prosecuting the defendant in the manner complained of." *Rounseville v. Zahl*, 13 F.3d 625, 629 (2d Cir. 1994) (internal quotation marks and citation omitted).

In this case, Brockmann had probable cause to initiate the prosecution against Bernshtein for criminal possession of a forged instrument because a "reasonably prudent" officer would have reason to believe that Bernshtein violated New York Penal Law § 170.20. A "'[f]orged instrument' means a written instrument which has been falsely made, completed or altered," and a "'[w]ritten instrument' means any instrument or article . . . containing written or printed matter or the equivalent thereof, used for the purpose of reciting, embodying, conveying or recording information, or constituting a symbol or evidence of value, right, privilege or identification, which

4

is capable of being used to the advantage or disadvantage of some person." N.Y. Penal Law §

170.00 (1), (7). To "falsely make" is defined as, "[a] person 'falsely makes' a written instrument

when he makes or draws a complete written instrument in its entirety, or an incomplete written

instrument, which purports to be an authentic creation of its ostensible maker or drawer, but

which is not such either because the ostensible maker or drawer is fictitious or because, if real, he

did not authorize the making or drawing thereof." N.Y. Penal Law § 170.00 (4). In this case, a

reasonably prudent officer would have reason to believe that Bernshtein's badge was a written

instrument falsely made by Bernshtein as it "purport[ed] to be an authentic creation of its

ostensible maker or drawer . . . [that] did not authorize the making or drawing" of the badge—the

badge purports be an "authentic" New York City police badge since it substantially resembled in

shape, size, color, design, and weight a police badge and Bernshtein was not authorized to make

or carry such a badge. *See Boyd v. City of N.Y.*, 336 F.3d 72, 76 (2d Cir. 2003); *see also* N.Y.

Penal Law § 170.00.

## II. The Trial on Excessive Detention

Bernshtein argues that the jury instructions and accompanying verdict sheet were

erroneous and prejudicial and that the jury verdict in favor of Defendant (Detective Brockmann)

was manifestly wrong because the evidence was sufficient for a jury to conclude that she was

subject to excessive detention. We "'review jury instructions as a whole to determine if they

provide a misleading impression or inadequate understanding of the law and will reverse on this

basis only if the appellants can show that in viewing the charge given as a whole, they were

prejudiced by the error.'" *SEC v. DiBella*, 587 F.3d 553, 569 (2d Cir. 2009) (quoting *Schwartz v.

Liberty Mut. Ins. Co.*, 539 F.3d 135, 147 (2d Cir. 2008). Bernshtein, who was subject to a 36-

5

hour detention before her arraignment, argues that the jury instruction "gave the jury the improper and severely misleading impression that once Brockmann caused [her] to be transported to Central Booking, his duty was discharged and he had no further responsibility." She asserts that Brockmann had a non-delegable duty to assure her arraignment without unnecessary delay.

Regardless of whether her argument as to a non-delegable duty has any merit, Bernshtein's argument that the jury instructions misled the jury about causation is clearly wrong. "[A]s in all § 1983 cases, the plaintiff must prove that the defendant's action was a proximate cause of the plaintiff's injury." *Gierlinger v. Gleason*, 160 F.3d 858, 872 (2d Cir. 1998) (citing *Martinez v. California*, 444 U.S. 277, 285 (1980)). "The Supreme Court has made it crystal clear that principles of causation borrowed from tort law are relevant to civil rights actions brought under section 1983." *Warner v. Orange Cnty. Dep't of Prob.*, 115 F.3d 1068, 1071 (2d Cir. 1996) (internal quotation marks and alterations omitted). In accord with *Warner*'s holding that a defendant is responsible for the "natural consequences" of his actions, *id.*, the district court charged that proximate cause is "a cause that naturally and probably led to and might have been expected to produce plaintiff's injury, or that a reasonable person would regard as the cause of the injury." And in accord with *Warner*'s holding that a defendant is liable for "consequences attributable to reasonably foreseeable intervening forces, including the acts of third parties," *id.* (internal quotation marks omitted), the district court charged that the jury could consider whether Brockmann unreasonably prolonged Bernshtein's detention "even if someone else added to the length of that already unreasonable detention." Taken as a whole, these instructions (and the accompanying jury verdict sheet) did not "provide a misleading impression or inadequate understanding of the law." *DiBella*, 587 F.3d at 569.

6

Lastly, we will not consider Bernshtein's challenge to the sufficiency of the evidence. "It is well established that a party is not entitled to challenge on appeal the sufficiency of the evidence to support the jury's verdict on a given issue unless it has timely moved in the district court for judgment as a matter of law on that issue." *Pittman by Pittman v. Grayson*, 149 F.3d 111, 119 (2d Cir. 1998); *see also Gierlinger*, 160 F.3d at 869. "In the absence of a Rule 50(b) renewed motion or extraordinary circumstances, an 'appellate court [i]s without power to direct the District Court to enter judgment contrary to the one it had permitted to stand.'" *Pahuta v. Massey-Ferguson, Inc.*, 170 F.3d 125, 129 (2d Cir. 1999) (alteration in original) (quoting *Cone v. W. Va. Pulp & Paper Co.*, 330 U.S. 212, 218 (1947)). The failure to make a Rule 50 motion "is one that this Court will excuse only in very narrow circumstances." *Jacques v. DiMarzio, Inc.*, 386 F.3d 192, 199 (2d Cir. 2004). Bernshtein did not file a Rule 50(a) motion or a Rule 50(b) renewed motion, and she failed to present any argument as to why we should excuse this failure. Thus, "[w]e perceive no 'manifest injustice' to be prevented nor is the jury verdict 'wholly without legal support.'" *Id.*

### III. The *Monell* Claims Against the City of New York

With respect to Bernshtein's *Monell* claim against the City of New York, the district court properly granted both the City's summary judgment motion and the City's motion for judgment as a matter of law. A *Monell* claim derives from the "execution of a government's policy or custom . . . [that] inflicts the injury." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91, 694-95 (1978). "[L]ocal governing bodies [like the City of New York] can be sued directly" (1) when "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation or decision officially adopted and promulgated by that body's officers" or

7

(2) for "constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Id.* Bernshtein must show both (1) "the existence of a municipal policy or custom" and (2) a causal connection between that policy and the deprivation of her constitutional rights. *Vippolis v. Vill. of Haverstraw*, 768 F.2d 40, 44 (2d Cir. 1985). Because Bernshtein must establish a deprivation of her constitutional rights, her *Monell* claim is tied to her claims against Brockmann. To the extent that Bernshtein cannot establish Brockmann violated her constitutional rights (through false arrest, malicious prosecution, or excessive detention), the City of New York likewise is not liable on the *Monell* claims asserting those violations. *See City of L.A. v. Heller*, 475 U.S. 796, 799 (1986); *cf. Escalera v. Lunn*, 361 F.3d 737, 749 (2d Cir. 2004) (holding that the local governing body—the County—was entitled to summary judgment because each individual defendant was entitled to summary judgment based on the existence of arguable probable cause to arrest).

We have considered all of Bernshtein's remaining arguments and find them to be without merit. The judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

8