In the

# United States Court of Appeals

## For the Seventh Circuit

No. 13-1652

BETTY RUTH NELSON,

*Plaintiff-Appellant,*

*v.*

PEGGY HOLINGA KATONA, indi-
vidually and in her official capacity
as Lake County Auditor, *et al.*,

*Defendants-Appellees.*

Appeal from the United States District Court for the
Northern District of Indiana, Hammond Division.
No. 2:10-cv-00031-JVB-PRC — **Joseph S. Van Bokkelen**, *Judge.*

ARGUED FEBRUARY 13, 2015 — DECIDED FEBRUARY 25, 2015

Before WOOD, *Chief Judge*, and BAUER and RIPPLE, *Circuit Judges.*

BAUER, *Circuit Judge.* Plaintiff-Appellant, Betty Ruth Nelson ("Nelson"), a former employee of the Lake County Auditor's office, brought suit under 42 U.S.C. § 1983 against Defendants-Appellees, Peggy Holinga Katona, individually and in her official capacity as Lake County Auditor, and Lake County

Indiana, individually and severally ("the Appellees"). Nelson alleged that she was unlawfully terminated from her job by the Appellees in retaliation for her political support of Barack Obama. After a full trial, the court entered judgment against Nelson in accordance with the jury's verdict. On appeal, Nelson challenges the sufficiency of the evidence supporting the jury's verdict. Because Nelson failed to file any post-verdict motions—a necessary first step for our analysis of the facts—we affirm.

The issue presented for review is whether the jury's verdict, rendered in favor of the Appellees, was supported by legally sufficient evidence. It is well-settled that this court will uphold a jury verdict on appeal as long as it is supported by a reasonable basis in the record. *Pickett v. Sheridan Healthcare*, 610 F.3d 434, 440 (7th Cir. 2010). It is equally well-established that a party's failure to comply with Rule 50(b) forecloses any challenge to the sufficiency of the evidence on appeal. *Unitherm Food Systems, Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 404–07 (2006); *Consumer Prods. Research & Design, Inc. v. Jensen*, 572 F.3d 436, 437 (7th Cir. 2009). A post-verdict motion is necessary because "[d]etermination of whether a new trial should be granted or a judgment entered under Rule 50(b) calls for the judgment in the first instance of the judge who saw and heard the witnesses and has the feel of the case which no appellate printed transcript can impart." *Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212, 216 (1947). Here, not only did Nelson fail to move for a judgment as a matter of law under Rule 50(a) at any point before the case was submitted to the jury, she did not make any motion pursuant to Rule 50(b) or Rule 59 after the jury returned its verdict. Nelson's failure to file any post-

verdict motions precludes her from challenging the sufficiency of the evidence underlying the jury's verdict. *See Unitherm*, 546 U.S. at 404. Therefore, we cannot consider Nelson's claim on appeal.

AFFIRMED.