# United States Court of Appeals
## For the First Circuit

No. 14-1541

ROBERT MAGEE and ZORAIDA MAGEE,

Plaintiffs, Appellees,

v.

BEA CONSTRUCTION CORP.,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Marcos E. López, U.S. Magistrate Judge]

Before

Torruella, Selya and Dyk,[*]
Circuit Judges.

Yuri J. Valenzuela-Flores on brief for appellant.
Rolando A. Silva, Armando A. Cardona, and Consultores Legales Asociados, CSP on brief for appellees.

August 5, 2015

---

[*] Of the Federal Circuit, sitting by designation.

**SELYA**, <u>Circuit Judge</u>. This diversity case involves an old-fashioned contract dispute between property owners and a construction firm. Defendant-appellant BEA Construction Corp. (BEA) failed to dissuade a jury from finding that it was on the wrong side of the dispute and now challenges the sufficiency of the evidence. Since this challenge comes too late and offers too little in the way of substance, we affirm.

We highlight the pertinent events, resolving any factual conflicts in favor of the jury verdict. See <u>La Amiga del Pueblo, Inc.</u> v. <u>Robles</u>, 937 F.2d 689, 690 (1st Cir. 1991). The plaintiffs, Robert Magee and his wife Zoraida, are citizens of New Jersey. Having retired, they wished to build a vacation home in Vieques, Puerto Rico. To that end, they entered into an oral contract with BEA in December of 2008 for the assembly of a prefabricated house on a lot that they owned. The plaintiffs gave BEA an $80,000 down payment on the understanding that the project would be completed within 16 months. Work commenced shortly thereafter.

Roughly a year later, the parties' relationship began to sour. At that time, the plaintiffs requested that the project be put on hold to accommodate Mr. Magee's failing health. BEA agreed to stop work and to reimburse the unspent portion ($74,406) of the down payment. But words are not always matched by deeds, and the plaintiffs received only $1000.

The parties subsequently entered into a second oral agreement for the assembly of a smaller and cheaper home. This new project was to be completed within four months and the plaintiffs were to receive credit against the contract price for any monies owed to them with respect to the original project. BEA began receiving materials in May of 2011 but — by July of 2012 — it had managed to do nothing more than dig a square hole and place rebar columns in the ground.

The plaintiffs were disgruntled and, on September 7, 2012, repaired to the federal district court. Citing diversity of citizenship and the existence of a controversy in the requisite amount, see 28 U.S.C. § 1332(a), they alleged that BEA had breached sundry contractual obligations while failing to complete construction of their home as agreed. In addition to their principal claim, the plaintiffs also asserted breach of contract claims against two BEA officials (C. William Dey and Abigail González). BEA counterclaimed, contending that it was the plaintiffs who had defaulted on the contractual arrangements.

Following extensive pretrial skirmishing (none of which is relevant here), the case went to trial in April of 2014.[1] After the plaintiffs rested, the individual defendants (but not BEA)

---

[1] By consent, a magistrate judge presided. See 28 U.S.C. § 636(c).

moved for the entry of judgment as a matter of law. See Fed. R. Civ. P. 50(a). The court granted the individual defendants' motions, accepting their arguments that the evidence afforded no basis either for piercing the corporate veil or for otherwise holding them personally liable. The trial proceeded against BEA alone. On April 11, the jury returned a verdict wholly favorable to the plaintiffs: it found BEA to have defaulted on its contractual obligations, awarded $150,000 in damages, and rejected the counterclaim. BEA did not file any post-trial motions, but it did file a timely notice of appeal.

Though BEA's appellate brief is not a model of clarity, we construe it liberally and tease from its heated rhetoric three lines of argument. These lines of argument can be summarized as follows: that the jury (i) erroneously found BEA in breach of its contractual obligations; (ii) compounded this error by incorrectly finding that the plaintiffs were not in breach; and (iii) arbitrarily failed to credit pivotal testimony. A common thread links the three components of this asseverational array: whether viewed singly or in the ensemble, all of BEA's arguments boil down to an attack on the sufficiency of the evidence.

That attack stumbles at the threshold. It is an elementary principle that a party who wishes to challenge the sufficiency of the evidence on appeal must first have sought

appropriate relief in the trial court.  See, e.g., Hammond v. T.J. Litle & Co., 82 F.3d 1166, 1171 (1st Cir. 1996); La Amiga del Pueblo, 937 F.2d at 691.  Here, however, BEA flouted this elementary principle — and there is a price to pay.

We need not tarry.  BEA could have moved for the entry of judgment as a matter of law at various points during and after the trial, see Fed. R. Civ. P. 50(a)-(b), but it never deigned to file such a motion at the close of the plaintiffs' case, at the close of all the evidence, or even after the verdict.  By the same token, BEA could have moved for a new trial following the verdict, see Fed. R. Civ. P. 59, but it did not deign to do so.  BEA's decision to forgo any and all of these anodynes precludes it from challenging the legal sufficiency of the evidence for the first time on appeal.  See, e.g., Cone v. W. Va. Pulp & Paper Co., 330 U.S. 212, 217-18 (1947); Hammond, 82 F.3d at 1171; La Amiga del Pueblo, 937 F.2d at 691; Jusino v. Zayas, 875 F.2d 986, 991 (1st Cir. 1989); LaForest v. Autoridad de Las Fuentes Fluviales de P.R., 536 F.2d 443, 445 (1st Cir. 1976).

To be sure, even without an appropriate motion in the trial court, an appellate court may, in the interests of justice, examine the record to determine "whether there was an absolute absence of evidentiary support for the jury's verdict."  La Amiga del Pueblo, 937 F.2d at 691.  But such an inquiry will rarely bear

- 5 -

fruit: after all, a party challenging a jury verdict on sufficiency grounds faces an uphill climb even when the challenge has been duly preserved. See Climent-García v. Autoridad de Transporte Marítimo y Las Islas Municipio, 754 F.3d 17, 20 (1st Cir. 2014). An unpreserved challenge to evidentiary sufficiency is exponentially more difficult. Such an unpreserved challenge warrants review only for a showing of a clear and gross injustice. See Surprenant v. Rivas, 424 F.3d 5, 13 (1st Cir. 2005); Muñiz v. Rovira, 373 F.3d 1, 5 (1st Cir. 2004).[2]

On this chiaroscuro record, no clear and gross injustice is evident. The contractual arrangements between the parties were oral, and the proof concerning their intentions, obligations, and actions comprises a mixed bag. Moreover, the case presents substantial questions of credibility — questions that typically lie within the jury's province. See Blake v. Pellegrino, 329 F.3d 43, 47 (1st Cir. 2003). Under such hazy circumstances, we cannot say that no rational jury could have found in favor of the plaintiffs.[3]

---

[2] We have sometimes expressed this standard in terms of "plain error resulting in a manifest miscarriage of justice." Hammond, 82 F.3d at 1172. We regard this formulation as simply an alternative expression of the "clear and gross injustice" standard.

[3] BEA argues vociferously that the verdict against it was somehow inconsistent with the court's entry of judgment as a matter

We need go no further.  The lesson of this case is that "[c]ourts, like the Deity, are most frequently moved to help those who help themselves."  Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 989 (1st Cir. 1988).  BEA did little to help itself, and — for the reasons elucidated above — the judgment is

**Affirmed.**

---

of law for the individual defendants.  But there was no inconsistency: the plaintiffs contracted with BEA, not with the individuals.  Thus, it was BEA alone which bore the legal responsibility for its failure to carry out those contractual arrangements.