
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PROGRESSIVE WEST INSURANCE
COMPANY,

                Plaintiff-counter-defendant -
Appellant,

  v.

CRAIG TISCARENO; TERESA
TISCARENO,

                Defendants-counter-claimants
- Appellees.

No. 11-57033

D.C. No. 3:08-cv-00180-H-CAB

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Submitted April 9, 2013[**]
Pasadena, California

Before: BERZON, TALLMAN, and M. SMITH, Circuit Judges.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Progressive West Insurance Company ("Progressive") appeals from a final judgment entered by the district court in favor of Craig Tiscareno and Teresa Tiscareno. The district court entered judgment after a jury found, in a special verdict, that Progressive had unreasonably failed to accept the Tiscarenos' settlement demand. Progressive contends that the district court erred in denying its pre-verdict motion for judgment as a matter of law, and argues that the jury's verdict is not supported by sufficient evidence. We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court's judgment.

"[A] post-verdict motion under [Federal Rule of Civil Procedure] 50(b) is an absolute prerequisite to any appeal based on insufficiency of the evidence." *Nitco Holding Corp. v. Boujikian*, 491 F.3d 1086, 1089 (9th Cir.2007); *see also Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 400–01 (2006). Because Progressive failed to file a post-verdict Rule 50(b) motion, Progressive has forfeited its right to challenge the jury's verdict based on sufficiency of the evidence. In the absence of a Rule 50(b) motion, an "appellate court [i]s without power to direct the District Court to enter judgment contrary to the one it had permitted to stand." *Cone v. W. Virginia Pulp & Paper Co.*, 330 U.S. 212, 218 (1947). As a result, we are precluded from granting the relief sought by Progressive, entrance of judgment notwithstanding the verdict.

2

Even if we were to consider the merits of Progressive's arguments on appeal, we would conclude that the district court's judgment was not erroneous as a matter of law and the jury's verdict was supported by sufficient evidence. There was a legally sufficient evidentiary basis for a reasonable jury to find that Progressive "unreasonably fail[ed] to accept a reasonable settlement demand for an amount within the policy limits between April 16, 2007 and May 18, 2007." Judgment, Progressive West Ins. Co. v. Tiscareno, No. 3:08–cv–00180–H–CAB, Dkt. No. 138 (S. D. Cal. Oct. 26, 2011); *see* Fed. R. Civ. P. 50(a); *see also Bell v. Clackamas Cnty.*, 341 F.3d 858, 865 (9th Cir. 2003).

**AFFIRMED.**